## TUGGLE v. TRIBBLE.

### Opinion delivered March 28, 1927.

1. APPEAL AND ERROR—QUESTION NOT DECIDED BELOW.—Where the circuit court refused to entertain jurisdiction on appeal from the county court and therefore did not determine the question whether the county court had jurisdiction to enter judgment changing the location of a road, such question is not before the Supreme Court.

2. COURTS—APPEAL FROM COUNTY COURT—AFFIDAVIT.—Under Crawford & Moses' Dig., § 2287, it is error for the county court to make an order granting an appeal to the circuit court until the party appealing shall have filed an affidavit with the court as prescribed therein, but such filing may be waived in the circuit court, and is waived where there is no motion to dismiss the appeal.

3. COURTS—FILING AFFIDAVIT WITH CIRCUIT CLERK.—Where a petition for appeal and affidavit were filed with the clerk of the circuit court within apt time and a transcript of proceedings in the county court, it was error to dismiss the appeal, since filing of the transcript with the circuit clerk was tantamount to an order for appeal by the clerk.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; reversed.

*C. T. Cotham,* for appellant.

*Murphy & Wood,* for appellee.

WOOD, J. Act No. 611 of the Acts of 1923, amending § 7328 of Kirby's Digest (now § 5249 of Crawford & Moses' Digest) provides for the opening of new roads and changing old roads, the same to be located on section lines as near as may be, taking into consideration the convenience of public travel, contour of the country, etc. The procedure to be followed is prescribed in the act.

This action was begun by A. H. Tribble and other property owners of Garland County, under the above statute, by filing petitions in the county court asking for certain changes to be made in the location of part of what is designated in the petitions as the "Harlan Boulevard". The petitioners described the changes desired and prayed that the road be changed and relocated as described.

D. M. Tuggle and 59 other property owners appeared in the county court, asked to be made parties, and filed a remonstrance against granting the prayer of the petitions. They also filed a demurrer and motion to dismiss the petitions upon various grounds, which are set forth in the demurrer and motion to dismiss. On the 26th day of October, 1925, the county court entered an order overruling the demurrer and motion to dismiss, to which ruling the remonstrants duly excepted. On the same day the petition was heard, and the court entered a judgment granting the same and reciting the changes as prayed in the petition. This judgment concluded with the following recital: "To which order of the court the remonstrants, D. M. Tuggle et al., at the time excepted and filed their motion and affidavit for appeal to the circuit court of Garland County, which motion is granted."

On the 1st day of June, 1926, the same being an adjourned day of the regular April, 1926, term of the Garland County Court, that court, by nunc pro tunc entry, changed the above recital to read as follows: "To which order of the court the remonstrants, D. M. Tuggle et al, at the time excepted, and prayed an appeal to the circuit court, which appeal by the court was granted, conditioned upon the remonstrants filing the affidavit for an appeal as by law required."

On the 14th day of April, 1926, D. M. Tuggle, for himself and others, filed in the Garland County Court the following:

"Comes D. M. Tuggle, for himself and for all others in like situation, and states that he is a citizen and taxpayer of Garland County, Arkansas, and that he was a party to the proceedings herein in this court in the above

entitled cause, and moves the court for an appeal from the judgment or order of the Garland County Court to the circuit court of Garland County, Arkansas.

"D. M. Tuggle, for himself and for all others in like situation, states that he is a citizen and taxpayer of Garland County, Arkansas, and that he was a party to the proceedings below, and that the appeal taken by him from the judgment of this court rendered in the above-entitled cause to the Garland County Circuit Court, is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him. (Signed) D. M. Tuggle.

"Subscribed and sworn to before me this the 14th day of April, 1926. (Signed) Trager Freeman, Clerk. Ursery S. Owen, D. C."

On April 21, 1926, the transcript of the proceedings in the county court was filed with the clerk of the Garland County Circuit Court. On May 25, 1926, A. H. Tribble filed his motion to dismiss the appeal on the ground that the county court did not enter an order granting the appeal after the filing of the affidavit and prayer for appeal in that court, and that the circuit clerk had not entered an order granting the appeal, and therefore the circuit court had no jurisdiction of the action. The trial court, upon the above facts, granted the motion and entered a judgment dismissing the appeal from the county court to the circuit court, from which judgment is this appeal.

The trial court refused to entertain jurisdiction of the action as an appeal from the county court, and therefore did not determine the question as to whether or not the county court had jurisdiction to enter a judgment changing the location of the road. That question therefore is not before this court. The only question for our consideration and decision is whether or not the trial court erred in dismissing the appellants' alleged appeal from the judgment of the county court.

Section 2287, C. & M. Digest, provides as follows: "Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the

county court, at any time within six months after the rendition of the same, either by the court rendering the order or judgment or by the clerk of the circuit court, * * * as in other cases at law, by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken; and, upon the filing of such affidavit and prayer, the court rendering the judgment or order appealed from, or the clerk of the circuit court, shall forthwith order an appeal to the circuit court at any time within six months after the rendition of the judgment or order appealed from, and not thereafter. The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.''

The order of the county court granting the appeal, as evidenced by its *nunc pro tunc* judgment, is as follows: ''To which order of the court the remonstrants, D. M. Tuggle *et al.*, at the time excepted and prayed an appeal to the circuit court, which appeal was granted, conditioned upon the remonstrants filing an affidavit for an appeal as by law required.''

Under the above statute, and our decisions, it is essential to the jurisdiction of the circuit court that an appeal be granted by the county court or by the clerk of the circuit court, and it is error for the county court to make an order granting the appeal until the party aggrieved shall have filed with the clerk of the county court an affidavit as prescribed in the statute. The statute contemplates that the affidavit and prayer for appeal shall be filed in advance of any order made by the court or the clerk, as the case may be, in order that the court or clerk, before ordering the appeal, may have an opportunity to ascertain whether or not the affidavit complies with the statute. The filing of an affidavit under the statute above is not jurisdictional, because it may be waived in the circuit court, and is waived, where the party against whom the appeal is sought does not, in the

circuit court *in limine,* move to dismiss the appeal before taking any substantive or affirmative steps in the cause.

In *Drainage District No. 7* v. *Stuart,* 104 Ark. 113-118, 147 S. W. 460, speaking of the general statute above, we said: "Under the general statute the filing of an affidavit for appeal is not jurisdictional, and therefore may be waived by failure to have the trial court rule on a motion to dismiss, embodying in the motion such objection." And in *Wulf* v. *Davis,* 108 Ark. 292, 157 S. W. 384, we said: "The filing of an affidavit was a prerequisite but was waived by appellants appearing and taking substantative steps without moving to dismiss the appeal on that ground."

Here, however, the appellee did move in the circuit court to dismiss the appeal of the county court before taking any substantive steps, and there was therefore no error in the ruling of the trial court in refusing to entertain jurisdiction on the ground that the affidavit for appeal had not been filed with the clerk of the county court in advance of the order of the court for the appeal. The above statute, however, further provides that "upon the filing of such affidavit and prayer for appeal * * * the clerk of the circuit court shall forthwith order an appeal to the circuit court at any time within six months after rendition of the judgment or order appealed from, etc." Now, it will be observed that, within six months, the motion for appeal and the affidavit were filed with the clerk of the county court in which the appeal was taken, and the transcript of all the proceedings had in the cause, including the affidavit and prayer for appeal, was filed also with the clerk of the circuit court within the six months. The filing of the transcript from the county court by the clerk of the circuit court, such transcript containing the affidavit and prayer for appeal, was tantamount to an order for appeal by the circuit clerk. If the circuit clerk did not intend, by his act in filing the transcript of the proceedings before the county court, to order an appeal from that court, he should have refused to file the transcript, for his act in filing same

was clearly indicative of the fact that he intended to
order an appeal. We are convinced that to hold other-
wise would be "sticking in the bark," and magnifying
form above substance. We must assume that the circuit
clerk performed his duty and that he was cognizant of the
statute *supra,* prescribing his duty. Therefore we should
presume that the circuit clerk examined the transcript
of the record of the proceedings in the county court when
it was presented to him for filing before he filed the same,
and that he discovered that the affidavit and prayer for
appeal had been filed in the county court within six
months after the rendition of the judgment in such court;
and by filing the transcript, instead of rejecting the same,
he treated it as an application for an order of appeal, and
his act in filing it was equivalent to an order for appeal.

In *Hempstead County* v. *Howard County,* 51 Ark.
344, 11 S. W. 478, there was a motion to dismiss the appeal
from the judgment of the county court because there was
no formal prayer addressed to the circuit clerk for an
appeal and because the county clerk, who was ex-officio
circuit clerk, had affixed the seal of the latter court to his
certificate of the proceedings in the county court. Chief
Justice COCKRILL, speaking for the court, said: "The
repeated decisions of this court discountenancing irregu-
larities of procedure which do not affect the rights of
parties upon the merits, and recognizing in the circuit
court the power of amending its process and records as
well as pleadings, to any extent short of impairing the
substantial rights of the parties, leave no room for argu-
ment against the action of the court in this instance. The
prayer for an appeal contemplated by the statute is
addressed to the clerk for the purpose of apprising him
that an appeal is desired. If the statutory affidavit for
an appeal is presented to him without a formal prayer,
and he acts upon it and causes the appeal to be perfected,
the requirements of the statute have obviously been ful-
filled, for the only end the prayer could effect has been
attained."

The above language is exceedingly apposite here. The true spirit and purpose of the statute has been attained when the affidavit and prayer for appeal has been filed with the clerk of the county court, within the time allowed, and when either the county court or the clerk of the circuit court, after the filing of such affidavit, orders an appeal. In *Brown* v. *Kirkland*, 156 Ark. 542-548, 246 S. W. 851, passing upon a question similar in principle, we said: "The entering of an order upon the affidavit for appeal by the clerk of course would have been the best evidence that the appeal had been granted by him, but his act in complying with all the essential requirements of the statute regulating appeals in such cases was sufficient to show that he had granted the appeal and to invest the circuit court with jurisdiction." It follows that the trial court erred in dismissing the appeal. The judgment is therefore reversed, and the cause is remanded for further proceedings according to law.