ADAMS *v.* MCCOMBS.

Opinion delivered November 21, 1927.

COURTS—APPEAL FROM COURT OF COMMON PLEAS.—Acts 1915, p. 1438, creating the Ashley County Court of Common Pleas, does not require, by § 9, the giving of a bond as a prerequisite to the right of appeal to the circuit court, failure to give such bond not depriving the court of jurisdiction.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; reversed.

*G. P. George* and *H. H. Hays,* for appellant.

*U. J. Cone,* for appellee.

McHANEY, J. Appellants, S. L. Adams and G. A. Lindsey, are partners, doing business under the firm name of Adams & Lindsey, and brought a suit in the common pleas court of Ashley County against appellee to recover for certain losses in weights of cotton. The complaint was made more definite and certain on appellee's motion, and, on his demurrer to the complaint being overruled, appellee filed an answer and cross-complaint. On a trial of the case on November 16, 1926, the common pleas court entered judgment in favor of appellants in the sum of $307.14 on their complaint, and in favor of appellee on his cross-complaint against appellant in

the sum of $288.82, from which both parties prayed and were granted an appeal to the Ashley Circuit Court. Within the time allowed by law appellants filed with the clerk of the common pleas court an affidavit for appeal to the circuit court, and the clerk made an indorsement thereon, allowing the appeal. No appeal bond was filed by appellants, and no supersedeas was issued staying the judgment of appellee on his cross-complaint. Also, within the time, the appellee perfected his appeal to the circuit court by filing his notice of appeal, affidavit for appeal and appeal bond, but no question is raised as to the regularity of his appeal. On January 17, 1927, that being a day of the regular term of the Ashley Circuit Court, appellee filed a motion to dismiss the appeal of the appellants, for the reason that no appeal bond had been filed, as required by the act creating the Ashley Court of Common Pleas, and same was submitted to the court on said day, whereupon the court sustained the motion to dismiss the appeal of appellants, and a judgment was entered, dismissing said appeal, for the reason that the court held that the filing of the bond was essential to give the circuit court jurisdiction on appeal from the court of common pleas. From the judgment of dismissal appellants have appealed to this court.

Only one question is presented by this appeal, and that is, whether the act creating the Ashley County Court of Common Pleas, same being act No. 339 of the General Assembly of 1915, page 1438 of said Acts, requires the giving of a bond as a prerequisite to the right of appeal, and this is to be determined by a construction of § 9 of said act, which reads as follows:

"That any person aggrieved by any final judgment rendered by said court, except as to judgment of dismissal for want of prosecution, may take an appeal to the circuit court, within thirty days after rendition of said judgment, by making a good and sufficient bond, to be approved by the clerk, and complying with the law otherwise as to appeal from justices' courts to the circuit court. Provided, that the affidavit for appeal may

be made by the party, his agent or attorney; and provided further, that, if the court has adjourned, the appeal shall be allowed by the clerk, when notice of the appeal, in such case, shall be served upon the appellee, his agent or attorney of record, but, if allowed by the court in open session, upon motion of the appellant, and the filing of the affidavit and bond before the final adjournment of the court, no further notice to the adverse party shall be necessary.''

We do not think it was the intention of the Legislature, by enacting said act, to make it impossible for the poor and unfortunate, or persons who may be parties to actions in their fiduciary capacities, such as executors, administrators, guardians, etc., to take an appeal to the circuit court from an adverse judgment of the court of common pleas, which is the necessary effect of said act, if the construction placed upon it by the circuit court is correct. If an appeal from such court can only be taken by giving a supersedeas bond, then a large class of persons will be denied the right of appeal. The construction placed on the act by the circuit court would require an arbitrary classification of litigants, one of whom could appeal, being able to make the appeal bond, and the other of whom, on account of poverty or fiduciary capacity, could not, the fiduciary class not being required to give a bond under the general law and many holdings of this court, whereas, on the other hand, the rich or well-to-do could appeal from an adverse decision of such court, but the poor could not. Therefore we hold that the provision of this statute requiring a bond is directory merely, and that the failure to give the bond does not deprive the circuit court of jurisdiction on appeal.

This court had this same statute under consideration in the case of *Brown* v. *Kirkland,* 156 Ark. 542, 246 S. W. 851, but the question now presented was not involved there.

By following the procedure for appeals allowed from the courts of justices of the peace, appellant could have

appealed without giving the bond, but, of course, his failure to supersede the judgment against him would not stay execution. For the error in sustaining the motion to dismiss and in dismissing the appeal, the cause will be reversed and remanded, with directions to overrule said motion, and for further proceedings not inconsistent with this opinion.