ENGLAND *v.* STATE HIGHWAY COMMISSION.

Opinion delivered May 7, 1928.

*Chas. A. Walls* and *Ben B. Williamson,* for appellant.

*Reed & Beard, H. W. Applegate,* Attorney General, *Claud Duty,* Assistant, and *Coleman & Riddick,* for appellee.

SMITH, J. Appellant brought this suit to enjoin the State Highway Commission from entering upon and appropriating a portion of her farm, and for her cause of action alleged that she was the owner of a tract of

land in Lonoke County through which a section of a State highway ran. That, on October 29, 1927, the county court of Lonoke County entered an order widening, extending and changing the right-of-way of said road, in doing which three acres of her land were appropriated. This order was made at the request of the State Highway Commission, and, pursuant thereto, certain persons under contract with the Highway Commission are about to enter upon and take possession of said land, which was alleged to be of the value of four thousand dollars. It was alleged that, inasmuch as the road which the Highway Commission was about to widen and straighten was a part of the State highway system, the county court was without jurisdiction to make the order condemning plaintiff's land.

The order of the county court, which was made an exhibit to the complaint, recited the facts to be that the proposed changes in the road are practicable and will be for the best interest of the county, and are of sufficient importance to the public to warrant the payment of damages, if any, for the land taken. It was also alleged that the county court was without jurisdiction to make the order for the proposed changes in the road or to allow a claim against Lonoke County for the damages occasioned thereby.

In the answer filed by the Highway Commission it was admitted that the road which it was proposed to widen and straighten was a part of the State highway system, and that the order was made by the county court at the request of the commission, and it was denied that the county court was without jurisdiction to make the order or to allow a claim covering the damages which the execution of the order would occasion. It was alleged that Lonoke County had sufficient funds appropriated for roads and bridges available to pay plaintiff for the additional right-of-way which the Highway Commission was about to use and the damages incident to such taking of her property.

A demurrer to the answer was filed and overruled and the cause was dismissed, and the plaintiff has appealed.

The order of the county court was made under the authority of § 69 of act No. 5 of the Acts of 1923 (Acts 1923, Special Session, page 84), commonly called the Harrelson Law, and the question for decision is whether that section conferred jurisdiction on the county court to make the order under which the Highway Commission is about to appropriate the plaintiff's land, in view of later legislation on the subject.

It is very earnestly insisted that this § 69 has been repealed by act No. 11 of the Acts of 1927 (Acts 1927, page 17), commonly called the Martineau Road Law, and by act No. 116, passed at the same session of the General Assembly (Acts 1927, page 352).

The argument in support of this contention is that § 1 of the Martineau Road Law declares it to be the policy of the State to take over, construct, repair, maintain and control all the public roads in the State comprising the State highways as defined in that act. Section 3 of the same act provides that "All roads of the road districts referred to in this section are hereby taken over by the State, but only such portions of said roads which are now or may hereafter be embraced in the State highway system shall be maintained by the State." By § 4 of the same act it is made the duty of the Highway Commission to construct the roads in the State highway system which are not now constructed, the work of construction to be pushed as rapidly as funds are available for that purpose.

It is further insisted that § 69 of the Harrelson Road Law has been repealed by act No. 116 of the Acts of 1927, *supra*, § 5 of which provides that "The State's right of eminent domain may be exercised by the State Highway Commission in the same manner as in the case of railroads, telegraph and telephone companies for the purpose of condemning land for highways, bridges and their approaches, for securing building material, and for any

other use which said commission may, under the laws of this State, require property for the carrying out of enterprises intrusted to its supervision, but without the necessity of making a deposit of money before entering into possession of the property condemned.''

It is not contended that either act 116, from which we have just quoted, or the Martineau Road Law expressly repeals § 69 of the Harrelson Road Law, but it is insisted that there is an implied repeal, resulting from the repugnancy between those statutes.

It is pointed out, in support of this argument, that it was held by this court, in the case of *Connor* v. *Blackwood,* 176 Ark. 139, 2 S. W. (2d.) 44, that the effect of the legislation passed at the 1927 session of the General Assembly was to give the Highway Commission the right of eminent domain in the construction of State highways, and that the exclusive original jurisdiction of the county courts extends only to county roads and county bridges, and that the county courts do not have exclusive original jurisdiction over State roads and State bridges, and therefore the Highway Commission might condemn rights-of-way for State highways independently of the county courts. It was not held in that case, however, nor has it been held in any other case, that § 69 of the Harrelson Road Law has been repealed. No act passed at the 1927 session of the General Assembly professes to repeal § 69 of the Harrelson Road Law, and no canon of construction has been more uniformly followed than the one that repeals by implication are not favored.

In one of the latest cases on the subject, that of *Ouachita County* v. *Stone,* 173 Ark. 1004, 293 S. W. 1021, we quoted from the slightly earlier case of *State* v. *White,* 170 Ark. 880, 281 S. W. 678, as follows:

''In a recent decision we undertook to cover this subject in the following statement: 'It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and that the repeal will not be allowed unless the implication is clear and irresistible, but there are two familiar rules or classifications appli-

cable in determining whether or not there has been such repeal. One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the later one, which governs the subject, so far as relates to the conflicting provisions, and to that extent only. * * * The other is that a repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new' (Citing cases).'' See also *Cordell* v. *Kent,* 174 Ark. 503, 295 S. W. 404.

We think it will appear from a consideration and comparison of the 1927 road legislation with § 69 of the Harrelson Road Law that there is nothing in the 1927 legislation to overcome the presumption that there was no implied repeal of § 69.

In the first place, the Martineau Road Law does not purport to take up the whole subject anew or to cover the entire subject-matter of the Harrelson Road Law. On the contrary, the Martineau Road Law is expressly stated in its title to be an amendment of the Harrelson Road Law. Its title reads as follows: ''An act to amend act No. 5 of the extraordinary session of the Forty-fourth General Assembly of the State of Arkansas, approved October 10, 1923.''

Act No. 5 of the extraordinary session of the Forty-fourth General Assembly, which the Martineau Road Law professedly amends, is itself the Harrelson Road Law, in which the § 69 referred to appears as a part.

Moreover, § 2 of the Martineau Road Law expressly repeals ten sections of the Harrelson Road Law, and § 69 of the Harrelson Road Law is not included in that number. We think it fair to assume that, had that purpose been intended, that section would have been included in the § 2 which did expressly repeal ten sections of the prior act.

We are of the opinion also that there is not such irreconcilable conflict between § 69 of the Harrelson Road Law and the later legislation as to imply repeal of the earlier legislation. Section 69 of the Harrelson Road Law reads as follows:

"The State Highway Commission shall call upon the county court to change or widen, in the manner provided by § 5249 of Crawford & Moses' Digest, any State highway in the county where the State Highway Engineer deems it necessary, for the purpose of constructing, improving or maintaining the road. In the event the county court should refuse to widen the road, as requested, the commission may refuse to construct, improve or maintain that portion of the road until a suitable right-of-way is provided."

It is insisted that § 5 of act No. 116 of the Acts of 1927, which we have previously quoted, is so far in conflict with § 69 of the Harrelson act as to work a repeal by implication. The argument is that, inasmuch as it was held in the Connor case, *supra,* that the Highway Commission might condemn rights-of-way for State highways independently of the county courts, § 69 of the Harrelson Road Law must necessarily be repealed, otherwise there would be and is a conflict of jurisdiction.

This, however, does not follow. It was not held in the Connor case that the county court was deprived of the jurisdiction to condemn land for the use of the Highway Commission, but it was only held that "they do not have exclusive original jurisdiction over State roads and State bridges."

It follows therefore that if § 69 of the Harrelson Road Law is still in force—and we hold that it is—the county courts of the State have the power, upon the request of the Highway Commission, to provide suitable rights-of-way for the use of the commission in changing or widening existing highways.

The county courts are not required to accede to the request of the Highway Commission. On the contrary, § 69 expressly recognizes their right to refuse such a

request. But they may do so in a case where it is found, as the county court of Lonoke County expressly found, that the proposed changes in a road "are practicable ones, and that they will be for the best interest of the county and of sufficient importance to the public to warrant the payment of damages, if any, for the land taken."

Of course, if, for any reason satisfactory to the county court, the request of the Highway Commission should be refused, the commission, under the authority of § 5 of act No. 116, could condemn the necessary right-of-way, in which event it would have to pay therefor.

In other words, the county court has the jurisdiction to comply with the commission's request; and it has also the discretion to refuse to do so, and the commission has the authority to condemn rights-of-way at its own expense where the construction or maintenance of the State highways requires that action.

The existing state of the law, as announced in the Connor case, *supra,* is therefore that the Highway Commission has jurisdiction over State roads, and the county court has jurisdiction over county roads, and there is no conflict in this jurisdiction, nor is there a concurrent jurisdiction, as appellant insists.

Section 5 of act No. 116 and § 69 of the Harrelson Road Law are not in conflict, but make provision for different contingencies. It is easily conceivable that such local conditions might exist that these agencies—each operating in its own sphere—could, by cooperation, beneficially serve the local interests in a way which would not be done if the Highway Commission took into account only the through traffic for which the State highways provide. The county courts were left with this jurisdiction under § 69 of the Harrelson Road Law, and we conclude therefore that the county court of Lonoke County had the jurisdiction to make the order here complained of as being void for the lack of jurisdiction to make it.

We have entered into this extensive consideration of the subject because of the public interest involved, although, as a matter of fact, the opinion in the case of

164

*Crawford County* v. *Simmons,* 175 Ark. 1051, 1 S. W. (2d.) 561, is decisive of all questions raised by this appeal.

In that case the county court of Crawford County had made an order identical with that of the Lonoke County court in the instant case.

In the Crawford County case the court made, at the request of the State Highway Commission, on September 20, 1927, which is more than a month earlier than the order here complained of, an order condemning certain additional right-of-way for the purpose of improving a State highway. The Martineau Road Law and act No. 116 of the 1927 session were then in force as the law of the land, as the time within which they might have been referred under the referendum clause of our Constitution had expired. The opinion in that case recites that the county court of Crawford County had proceeded under § 69 of the Harrelson Road Law, just as the county court of Lonoke County did in the instant case, and the order of the Crawford County Court was upheld by an undivided court as a valid exercise of its jurisdiction. That case appears therefore to be conclusive of this one, unless it should be overruled, which we are unwilling to do, for the reason that we think it is correct.

The decree of the chancery court dismissing appellant's complaint is therefore affirmed.