FRANKLIN COUNTY v. SMITH.

Opinion delivered December 10, 1928.

*R. S. Wilson* and *Linus A. Williams,* for appellant.

*J. C. Benson,* for appellee.

McHANEY, J.   On October 3, 1927, appellee presented his claim to the county court of Franklin County for coal furnished the courthouse and jail in the sum of $145.25.   On the 17th day of October the claim was allowed by the court in the sum of $81.25, being the claim for coal furnished the courthouse, and disallowed that for the jail.  Not being willing to furnish the jail free coal, and being dissatisfied with the action of the court in disallowing that part of his claim, on March 10, 1928, during a regular term of the circuit court, he took an appeal to the circuit court, by filing a transcript and affidavit for appeal with the clerk of the circuit court.   The county court moved to dismiss the appeal on the grounds (1), that the affidavit for appeal was made by appellee's attorney; (2) that no appeal bond was filed; and (3) that no notice of appeal was given. This motion was overruled, and, no defense to the claim being offered, judgment was rendered against the county for the full amount of the claim.   These same grounds are urged here.

1.  Section 2287, C. & M. Digest, is authority for "the party aggrieved, his agent or attorney," to make the affidavit for appeal.

2.  No appeal bond was necessary. Section 2288, C. & M. Digest, requires a bond "where an appeal is taken by any person in cases of allowance made for or against counties." No allowance was made "for or against" Franklin County in this case. True, that part of the claim covering coal for use in the courthouse was allowed, but no appeal was taken from that part of the order.

3.  No notice was necessary. The county entered its appearance by special counsel, and filed a motion to dismiss the appeal.

4.  It is further argued here that no order was made either by the county court or the circuit clerk granting the appeal. This question was not raised or presented in the court below, and is raised here for the first time. This would be a sufficient answer to this argument, but another answer is that this court has held, in the recent case of *Tuggle* v. *Tribble,* 173 Ark. 392, 292 S. W. 1020, that where an appeal from the county court to the circuit court is taken by filing with the clerk of the circuit court an affidavit and transcript of the proceedings, it is error to dismiss the appeal, as filing the transcript with the clerk was tantamount to an order for appeal by the clerk.

5.  Lastly, it is said that appellee failed to establish his claim. The judgment recites that the case was heard on the record and on oral testimony. This testimony has not been brought into the record by bill of exceptions, and in its absence there is a conclusive presumption that it was sufficient to sustain the judgment.

Affirmed.