Ross *v.* State Highway Commission.

Opinion delivered November 9, 1931.

*McMillan & McMillan,* for appellant.

*Hal L. Norwood,* Attorney General, and *Claude Duty,* Assistant, for appellee.

Smith, J. Although this appeal comes to us from a judgment sustaining a demurrer to appellant's complaint, the parties differ as to the effect and purport of the allegations of the complaint. We have accepted the appellant's interpretation of its allegations, inasmuch as he may make its allegations more specific upon the remand which must be ordered; and if the complaint does not allege what he contends it does, an amendment to the complaint will clarify the issues which he discusses in his brief on this appeal.

As thus interpreted, the complaint contains the following allegations: Without any order of court authorizing the State Highway Commission to enter upon and appropriate and damage plaintiff's lands or assessing the damages thus occasioned, the State Highway Commission entered upon and damaged plaintiff's lands. This was done by constructing a road bed and by digging a ditch connecting with a creek, which caused the water from the creek, in flood periods, to flow back upon plaintiff's lands. The road bed thus constructed was a part of the State's highway system. The road bed and ditch caused damage to the lands and to the crop growing thereon.

Thereafter, the road bed having been found insufficient for its intended purposes, an order of condemna-

tion was obtained in the county court condemning the necessary right-of-way. These allegations state a cause of action against both the State Highway Commission and the county, although suit was brought against the State Highway Commission only.

It may be first said that the county had power and authority to condemn and pay for the right-of-way at its own expense, even though the road to be improved was a part of the State's highway system. It was so expressly decided in the case of *England* v. *State Highway Commission,* 177 Ark. 157, 6 S. W. (2d) 23. See also other cases there cited. In such a proceeding the county would be liable for any damage then or thereafter accruing through the exercise of this right of eminent domain. *Independence County* v. *Lester,* 173 Ark. 796, 293 S. W. 743.

But the complaint alleges an entry upon and damage to the lands by the State Highway Commission before the exercise of this right of eminent domain by the county, and for any damage thus occasioned the commission is liable.

It was pointed out in the England case, *supra,* that the highway commission might exercise the right of entry and condemnation on its own account and at its own cost and expense, and, where it does so, it must pay the damages thus occasioned. In other words, the highway commission or the county may condemn land for State highway purposes, and the agency which does so must pay the damages resulting from its action.

Now the complaint does not allege that the highway commission instituted any proceeding authorizing it to enter upon plaintiff's lands, but that is immaterial. The commission cannot escape liability by proceeding without first obtaining an order and judgment of court authorizing it to proceed.

The facts in the case of *Campbell* v. *Arkansas State Highway Commission,* 183 Ark. 780, 38 S. W. (2d) 753, were that the commission, without instituting any proceeding against the complaining property owner, had damaged his land by the construction of a bridge and

the approaches thereto. Indeed, the contention was made by the commission that it had not taken or damaged the land of the complaining property owner.

We there said: "It is true that the Arkansas State Highway Commission did not institute condemnation proceedings against the property owners, but the property owners had a right to maintain this action. It was a remedy given them under the common law for a trespass or injury to their real estate. The right existed under the provision of the Constitution; and where the statutes provide no adequate remedy, it may be enforced by an action for damages. (Citing authorities.)"

We conclude therefore that the highway commission, through its entry upon the plaintiff's lands prior to the order of condemnation in the county court, was responsible for any and all damages resulting from its entry prior to the order of condemnation, and the demurrer to the complaint should therefore be overruled, and the judgment of the court below is reversed, and the cause remanded with directions to overrule the demurrer.