WASHA *v.* PRAIRIE COUNTY.

4-2746

Opinion delivered November 21, 1932.

*George W. Craig* and *W. Wilson Sharp,* for appellant.

*J. F. Holtzendorff,* for appellee.

SMITH, J. Appellant brought this suit by filing a claim in the county court of Prairie County against that county for the value of certain land which the county

had condemned for the construction of a part of State highway No. 70 along a changed route. The county court disallowed the claim, and there was a verdict adverse to the claimant upon an appeal to the circuit court, and a trial there before a jury.

The taking of the land is admitted, and it was established by undisputed evidence that the land taken had a market value. It is therefore insisted that the judgment from which this appeal comes must be reversed, inasmuch as the jury allowed the claimant no damages for his land.

It is true, of course, as appellant insists, that private property cannot be taken, appropriated or damaged for public use without just compensation therefor. Section 22 of article 2 of the Constitution so provides. It is true also that, before the owner can be said to have been compensated by benefits derived from the appropriation of his property, such benefits must be, not those enjoyed by the public generally, but must be special benefits accruing to the particular owner of the land from which a part had been taken. *Ross* v. *State Highway Commission,* 184 Ark. 610, 43 S. W. (2d) 75; *Ross* v. *Clark County,* 185 Ark. 1, 45 S. W. (2d) 31.

But it is also the law that, "where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole before the taking, the owner in such case has received just compensation in benefits." *Cate* v. *Crawford County,* 176 Ark. 873, 4 S. W. (2d) 516. See also *Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78; *Weidemeyer* v. *Little Rock,* 157 Ark. 5, 247 S. W. 62.

The testimony on the part of the county was to the effect that highway No. 70 was one of the principal roads in the State, and was a part of the interstate highway known as the "Broadway of America," and that the route of this highway had been changed to run through the town of Hazen and the land of appellant adjacent thereto, thus giving appellant a frontage along this highway, and that the result of this relocation of the highway was to make the portion of appellant's land which

remained of greater value than the whole thereof would be without the road.

The case was submitted under correct instructions defining the elements of damage which the landowner had the right to have the jury consider, but an instruction given at the instance of the county told the jury that these damages might be compensated by the enhancement of the value of the portion of the land not taken, and that, if this enhancement was equal to or greater than the damages sustained, the claimant had received compensation and could recover nothing in addition.

The testimony warranted the submission of this issue, and sustains the verdict of the jury. The judgment must therefore be affirmed, and it is so ordered.