ARKANSAS STATE HIGHWAY COMMISSION *v.* PALMER, *et al.*

5-201                                                    261 S. W. 2d 772

Opinion delivered November 9, 1953.

604

*W. R. Thrasher, William L. Terry* and *John L. Hughes,* for appellant.

*Ben M. McCray,* for appellee.

J. SEABORN HOLT, J. September 10, 1951, the Arkansas State Highway Commission, proceeding under § 76-510, Ark. Stats. 1947, by its petition, called upon the Saline County Court for an order condemning a right of way over certain land of appellees in that county. Thereafter, on August 7, 1952, the Saline County Court

made and entered its condemnation order as requested by the Highway Commission. Appellees' land was physically entered and the roadbed constructed by the Highway Department pursuant to this order.

At this point, appellees filed claim for damages in the County Court against both the Highway Commission and Saline County. Their claim was allowed by the County Court against both the Highway Commission and the County, in the amount of $490.50.

Appellees duly appealed to the Saline Circuit Court and appellant, Highway Commission, demurred to the appeal on the ground that it was, in effect, a suit against the State of Arkansas over which the Circuit Court had no jurisdiction. This demurrer was overruled December 8, 1952, and exception properly saved by appellant, Highway Commission.

A jury trial followed on December 9, 1952, which resulted in a verdict for appellees in the amount of $6,-000 against both the Arkansas State Highway Commission and Saline County. Thereafter, on December 22, 1952, the Highway Commission filed motion for a new trial and on March 10, 1953, within the same term of court, the trial court heard and overruled this motion. Saline County did not file a motion for a new trial. The State Highway Commission alone has appealed.

For reversal, the Highway Commission argues that the trial court erred in overruling its demurrer. We agree. This demurrer alleged: "1. That the defendant, Arkansas State Highway Commission, is a part of the Government of the State of Arkansas. 2. That the appeal of plaintiff constitutes a suit against the State of Arkansas. 3. That this court (Circuit Court) is without jurisdiction to hear and determine a suit against the State of Arkansas."

The judgment here was against the Highway Commission, a State agency, and was, in effect, a judgment against the State and could not be maintained in the circumstances. *Arkansas State Highway Commission* v.

*Nelson Brothers,* 191 Ark. 629, 87 S. W. 2d 394; *The Federal Land Bank of St. Louis* v. *Arkansas State Highway Commission,* 194 Ark. 616, 108 S. W. 2d 1077.

Section 76510, above, provides: "Assistance of county court to widen or straighten road.—The State Highway Commission may call upon the county court to change or widen, in the manner provided by § 5249 of Crawford & Moses' Digest [§ 76-917], any State Highway in the county where the State Highway Engineer deems it necessary for the purpose of constructing, improving or maintaining the road. In the event the county court should refuse to widen the road as requested, the Commission may refuse to construct, improve or maintain that portion of the road until a suitable right of way is provided. [Acts 1929, No. 65, § 55, p. 264; Pope's Dig., § 6905]," and § 76-511 provides:

"Procurement of right of way after refusal by county court.—Where the State Highway Commission petitions any county court asking for right of way for any state highway, and where the county court fails to grant such petition and make court order procuring such right of way within sixty [60] days after such petition is presented, then the highway commission may take such steps as they deem expedient to acquire such right of way, either by purchase, exercise of their right of eminent domain, or otherwise; and in such event, one-half of the cost of acquiring such right of way shall be deducted from the next payment due any county by reason of any appropriation out of the State Highway Fund or State Revenue from gasoline (motor vehicle fuel) or auto license tax to the county or county highway fund of such county. [Acts 1929, No. 205, § 2, p. 1015; Pope's Dig., § 6963; Acts 1941, No. 281, § 1, p. 732]."

These sections set forth two alternative methods by which rights of way might be acquired. The first method (§ 76-510) gives the Highway Commission the authority to call upon the county court to change or widen any state highway where deemed necessary by the State Highway Engineer. The statute further provides that if the county court should refuse, the Commission could then refuse to

construct, improve or maintain the road "until a suitable right of way is provided."

The second method (§ 76-511) provides that where the Highway Commission petitions the county court asking for right of way for a state highway, and the county court fails to grant the petition within sixty days, then the Highway Commission itself can acquire the right of way, by purchase, eminent domain or otherwise, and in such event the Highway Commission can deduct one-half the cost from the county's next turnback fund.

Here, the Highway Commission proceeded under the first method, § 76-510. The County Court, acting within its power, did not refuse the request of the Highway Commission, but granted its petition, furnished the right of way, and properly entered its order condemning appellees' land, and, by so doing, the County became liable for all damages for such taking, (§ 76-510).

In the case of *Ross* v. *State Highway Commission*, 184 Ark. 610, 43 S. W. 2d 75, we said: "It may be first said that the county had power and authority to condemn and pay for the right of way at its own expense, even though the road to be improved was a part of the State's highway system. It was so expressly decided in the case of *England* v. *State Highway Commission*, 177 Ark. 157, 6 S. W. 2d 23. See also other cases there cited. In such a proceeding the county would be liable for any damage then or thereafter accruing through the exercise of this right of eminent domain. *Independence County* v. *Lester*, 173 Ark. 796, 293 S. W. 743. * * *

"It was pointed out in the England case, *supra*, that the highway commission might exercise the right of entry and condemnation on its own account and at its own cost and expense, and, where it does so, it must pay the damages thus occasioned. In other words, the highway commission or the county may condemn land for State highway purposes, and the agency which does so must pay the damages resulting from its action."

We said in *Arkansas State Highway Commission* v. *Kincannon, Judge*, 193 Ark. 450, 100 S. W. 2d, 969: "The

highway commission has taken no action in regard to the condemnation of property belonging to interveners, and their intervention is, in effect, a suit against the state, which, upon the authority of *Arkansas Highway Commission* v. *Nelson,* 191 Ark. 629, 87 S. W. 2d 394, cannot be maintained. *State Highway Commission in Arkansas* v. *Kansas City Bridge Co.,* 81 Fed. 2d 689. But the effect of the former opinion in this case, and in that of *Highway Commission* v. *Nelson, supra,* is that, while the property owner may not sue the state, or the commission acting in its name, for damages, he may restrain the commission from taking his property until the damages have been paid, or provision for payment made.''

It is true, as indicated, that had the County refused, when called upon by the Highway Commission, to condemn the land of appellees, after sixty days, the Commission could have brought an action in the Circuit Court under § 76-511 to condemn the property, and in that event, it would have been obligated to pay all damages, but could have charged back to the county fifty per cent of the cost. The Highway Commission, however, did not elect to follow this procedure. See *Arkansas State Highway Commission* v. *Pulaski County,* 205 Ark. 395, 168 S. W. 2d 1098.

But, appellees say that in any event, appellant's appeal should be dismissed because of failure to present its motion for a new trial to the trial court within the statutory period of thirty days from date of judgment, and strongly rely on our recent case of *Reasor-Hill Corporation* v. *Golden, Judge,* 220 Ark. 100, 247 S. W. 2d 9, to support their contention. Assuming without deciding that a motion for a new trial was in fact necessary, still we do not agree.

The motion for a new trial, as indicated, was filed December 22, 1952, within a few days after the judgment was entered on December 9th. The motion was not presented until March 10, 1953. It appears, however, that it was presented within term time.

Our holding in the Golden case above did not make it mandatory that a motion for a new trial be presented within the thirty day period in all cases, but we recognized that there might be circumstances which would justify a trial judge in hearing such motion after the thirty days had expired, when such hearing was had within the same term of court, as here. Some discretion thus is allowed. So here, there were presented such circumstances as warranted the action of the court on hearing the motion on a later date. The record shows that within the thirty-day period, by letter dated December 19, the trial judge was asked to hear the motion along with several other similar motions in right of way cases, on some convenient date, after the first of the year.

On this point, the court made the following statement for the record: "The Court will say that the hearings were set on two previous occasions, for motions for new trial, and they were continued at the request of the attorneys for the State. But I will say this, that the attorneys for the State then have, on subsequent occasions requested hearing on dates that I could not grant because of conflicts with other courts. Mr. McCray: Were these requests made within 30 days, Judge? The Court: No, they were not made within . . . after the dates were set for hearing, and were set down for hearing, then the requests for further hearings were made after that time, which would be after the 30 days, yes."

In these circumstances, we fail to see any abuse of the discretion accorded the trial court.

Accordingly, the judgment against the State Highway Commission is reversed and the cause dismissed.