ARK. STATE HIGHWAY COMM. *v.* PHILLIPS

5-3771                                  398 S. W. 2d 899

Opinion delivered February 14, 1966

*Mark E. Woolsey* and *Phil Stratton*, for appellant.

*Edward H. Boyett, Holman & Boyett,* for appellee.

Ed F. McFaddin, Justice. This is an eminent domain proceeding, and the only question on this appeal relates to a ruling of the Trial Court in excluding evidence offered by the appellant-condemnor.

The Arkansas State Highway Commission filed this proceeding on January 8, 1965, and took possession of 1.12 acres from a tract of 9.5 acres belonging to the appellee, Mrs. Jewell Phillips. The case was tried to a jury on the damages claimed by Mrs. Phillips. At the trial the witness for the landowner testified that her property was worth $25,000.00 before the taking and $17,000.00 after the taking; or a difference of $8,000.00 claimed as damages.

The Highway Commission called as its witness H. K. McMurrough, who testified that Mrs. Phillips' property was worth $10,500.00 before the taking and $24,200.00 after the taking, since the landowner had received special benefits because of the highway. The witness testified that because of the new highway the landowner had a most valuable location for a filling station;[1] and the witness proceeded to tell of three filling station locations on another recently constructed highway in the same vicinity. The witness testified:

(a) That on June 2, 1964 Mr. Young sold 4.73 acres at an interchange point to Gulf Oil Company for $30,000.00;

(b) That on September 17, 1963 Mr. Jeffers sold 1.75 acres as a filling station location to Hum-

---

[1] There had been some evidence about a $26,000.00 option by the landowner to Texaco.

ble Oil Company on a newly constructed highway for $18,500.00; and

(c) That on November 6, 1963 Mr. Kaiser sold a filling station location to Humble Oil Company for some large figure.

The witness testified as to firsthand knowledge of each of these sales, and also testified that the access point to the highway in each instance was similar and comparable to the property of Mrs. Phillips. The Trial Court excluded all this evidence, saying as regards each item: "Gentlemen of the Jury, you will wholly disregard the testimony of this witness with reference to the value or the sale price of this land based upon the fact that it happened prior to January 8, 1965."

The quoted ruling is urged by the appellant for reversal; and we conclude that the ruling was in error. In *Lazenby* v. *Ark. State Hwy. Comm.*, 231 Ark. 601, 331 S. W. 2d 705, in discussing the benefits which may be off-set against the damages sustained by the landowner for the taking, we quoted from the earlier case of *Cribbs* v. *Benedict*, 64 Ark. 555, 44 S. W. 707:

" 'The view which seems to us to accord with reason, and which is supported by high authority, is that where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are *local, peculiar,* and *special* to the owner's land, who has been required to yield a portion *pro bono publico.*' "

In the Lazenby case, we also quoted from *Washa* v. *Prairie County*, 186 Ark. 530, 54 S. W. 2d 686:

" 'It is true also that, before the owner can be said to have been compensated by benefits derived from

the appropriation of his property, such benefits must be, not those enjoyed by the public generally, but must be special benefits accruing to the particular owner of the land from which a part had been taken.' "

In the case at bar, the witness McMurrough was attempting to show a "local, peculiar, and special" benefit to Mrs. Phillips' property. To show such benefit, the witness was attempting to testify as to other property, claimed to be comparable; and the fact that these other sales were before January 8, 1965 (the date of the taking of Mrs. Phillips' property) was not a material distinction. In *Ark. State Hwy. Comm.* v. *Witkowski,* 236 Ark. 66, 364 S. W. 2d 309, we discussed the question of comparable sale of property, and said:

"There can be no fixed definition of similarity or comparability. Similarity does not mean identical, however it does require some reasonable resemblance. See Nichols, Eminent Domain, Vol. 5, § 21.31, p. 439. There are certain criteria of similarity which can be utilized to establish a reasonable resemblance. Important factors of similarity to be considered are location, size, and sale price; conditions surrounding the sale of the property, such as the date and character of the sale; business and residential advantages, or disadvantages; unimproved, improved, or developed land."

The fact that the claimed comparable sale was before the taking of Mrs. Phillips' property, was not a determinative factor. We can find no authority to support the ruling of the Trial Court in excluding the testimony; and it was certainly prejudicial to the appellant's case.

Reversed and remanded.