## HEMPSTEAD COUNTY v. HOWARD COUNTY.

1. APPEAL: *From judgment of county court: Allowed without formal prayer.*

   Under Mansf. Dig., sec. 1436, where the statutory affidavit for an appeal from the judgment of a county court is filed with the circuit clerk, he may act upon it and perfect the appeal without any formal prayer therefor.

2. SAME: *Same: Certifying transcript of record.*

   Where an appeal is allowed from the judgment of a county court, the circuit court acquires jurisdiction of the proceedings on the filing there of the original papers, and may cause the clerk of the county court to certify a transcript of that court's record entries.

3. COUNTY INDEBTEDNESS: *When negotiable bonds become part of.*

   In 1872 bonds of Hempstead county to the amount of $50,000 were prepared by the proper authorities and placed in the hands of commissioners to be

Hempstead County v. Howard County.

negotiated by them for the purpose of raising a fund to build a court house and jail. The county of Howard was created by the act of April 17th, 1873, and part of the territory it embraces was taken from Hempstead. In a proceeding under that act instituted to determine what portion of the indebtedness of Hempstead county at the time Howard was formed, should be paid by the latter, *held:* That before the bonds were negotiated they constituted no part of the indebtedness of Hempstead county, and Howard was only liable for its proper proportion of the amount of such bonds as had been negotiated when the act creating it was passed. *Held, further:* That Howard county's proportion of the interest that had accrued on the bonds to the date of judgment, was properly adjudged against it.

CROSS–APPEAL from *Howard Circuit Court.*

GEO. P. SMOOTE, Special Judge.

*W. P. Feazell,* for appellant.

1. No prayer for appeal was made or filed with the affidavit, and no order granting the appeal by the county court or clerk of the circuit court, and the court had no jurisdiction. Mansf. Dig., 1436; 26 Ark., 414; 21 Ark., 93; 9 Ib., 128; 15 Ib., 169; 31 Ib., 725.

2. The transcript was not properly authenticated, the certificate was not tested with the seal of the county court. 6 Ark., 451; 6 Wall., 556; 6 Ohio, 11; 1 N. H., 139; 3 Hawks, 226; 3 Dev., 279; 22 How., 46; 9 Peck., 446; 15 Peck., 446; 30 Me., 170; 2 Gilen, (Ill.) 151; 10 Me., 204.

The transcript was a nullity and could not be amended. Freeman Ex., sec. 70; Bliss Plead., 249; Drake Att., sec. 174, *a.*

3. None of the bonds became a legal debt of Hempstead county until they were *sold* or *negotiated,* and the question arises, were any of these bonds disposed of before Howard county was created? If so, what amount? The burden is on Hempstead. Reviews the testimony and contends that

the evidence is not sufficient to sustain the findings of the court.

4.   It was error to render judgment for 6 per cent. interest; this is in violation of Art. 16, sec. 1, Const. 1874; 36 Ark., 89.

*D. W. Jones* and *R. B. Williams*, for appellees.

1.   No formal prayer for appeal in writing is *necessary,* or required by statute.   The affidavit is all that is necessary,. where the original papers and transcript of the record entries are transmitted as required by statute.   See Mansf. Dig.,. secs. 1436, 1438.

2.   The filing of the papers and record entries in the circuit court gave it jurisdiction.   Mansf. Dig., secs. 1436–8; 35 Ark., 298, 302; 43 Ark., 33, 40, and it had the right to amend the transcript.   Mansf. Dig., sec. 5081; 47 Ark., 373; 48 Ib., 94; Mansf. Dig., secs. 50, 86; 9 Ark., 469;. Ib., 497.

On the cross-appeal of Hempstead, contend that the whole $50,000 of bonds was a part of the indebtedness of Hempstead county when Howard county was created, within the meaning of the 4th sec. of the act of April 17th, 1873.   34 Ark., 240.   See, also, 36 Ib., 378; 37 Ib., 339; 44 Ib.,. 317.

COCKRILL, C. J.

This is a proceeding instituted under the act of April 17th, 1873, creating Howard county, for the purpose of determining what portion of the indebtedness of Hempstead, one of the counties which furnished territory for the formation of, Howard, should be paid by the new county.   The judgment of the county court where the proceeding originated awarded nothing to Hempstead county, and the latter pros-

Hempstead County v. Howard County.

ecuted an appeal to the circuit court by filing the statutory affidavit with the clerk of that court who caused the original papers and a transcript of the court's proceedings to be filed in his office within the time prescribed for prosecuting such appeals. Howard county moved to dismiss the appeal from the judgment of the county court, (1) because there was no formal prayer addressed to the circuit clerk for an appeal, and (2) because the county clerk, who is ex-officio circuit clerk, had affixed the seal of the latter court to his certificate of the proceedings in the county court. But the circuit court permitted Hempstead county to show by parol that an application in writing for an appeal had been made to the circuit clerk; caused the clerk to amend his certificate by affixing thereto the seal of the county court, and overruled the motion. It is seriously argued that the court erred in both particulars.

The repeated decisions of this court discountenancing irregularities of proceedure which do not affect the rights of parties upon the merits, and recognizing in the circuit court the power of amending its process and records as well as pleadings, to any extent short of impairing the substantial rights of the parties, leave no room for argument against the action of the court in this instance. See *Hall v. Lackmond*, 50 Ark., 113, and *Sannoner v. Jacobson*, 47 Ark., 31 and cases cited.

The prayer for an appeal contemplated by the statute, (Mansf. Dig., sec. 1436,) is addressed to the clerk for the purpose of apprising him that an appeal is desired. If the statutory affidavit for an appeal is presented to him without a formal prayer, and he acts upon it and causes the appeal to be perfected, the requirements of the statute have obviously been fulfilled, for the only end the prayer could effect has been attained. It was useless, therefore, for the circuit

1. APPEAL: From judgment of county court: Allowed without formal prayer.

court in this case, even to have required the showing that a prayer for an appeal had been lodged with the clerk. But Howard county was not prejudiced by the showing.

2. SAME: Same: Certifying transcript.

The other objection is only technical. Whatever else might be said of it, it is certain that the circuit court acquired jurisdiction of the proceeding upon the filing of the original papers in that court in pursuance of the appeal prosecuted by Hempstead county, (Mansf. Dig., sec. 1438,) and the court thereafter possessed the undoubted power to cause the county clerk to certify a transcript of the record entries of the county court had in the cause appealed.

The contention upon the merits of the cause was as to the amount of the indebtedness of Hempstead county at the time Howard was created; and that controversy is narrowed here to the question, what amount of court house and jail bonds were an outstanding indebtedness against Hempstead county on the 17th day of April, 1873, when the act creating Howard county became a law?

3. COUNTY INDEBTEDNESS. When negotiable bonds become part of.

In the autumn of 1872 the Hempstead county authorities caused $50,000 in negotiable bonds to be prepared for issue and placed them in the hands of county commissioners to be negotiated by them for the purpose of raising a fund to build a court house and jail. It is contended on the part of Hempstead county that the whole of this sum became a debt of that county prior to the formation of Howard, and that the latter county shall pay its pro rata of $50,000. But the commissioners were the county's agents, and as long as they held the bonds as such, they were held by the county and were no part of its indebtedness. Only upon negotiation of the bonds did the county become liable to pay them. The question is, therefore, how much was due upon bonds negotiated by Hempstead county when Howard was created? The circuit court

fixed the amount at $20,000 and gave judgment for Howard's proportion of that sum. Howard county contends that the court's finding of fact is not sustained by the evidence in so far at least as relates to the negotiation of bonds to pay for the construction of the jail. The evidence as to the dates of the negotiation of bonds for that purpose is not direct, but that they were negotiated before the existence of Howard county is a fair inference from the proof. It appears that at a term of the Hempstead county court held about two months after Howard county was formed, the commissioners reported that they had paid on account of the construction of the jail, which was then completed, the sum of $8,750, and that there was still due and unpaid thereon the sum of $2,600. Howard county's contention is that the whole amount may have been paid between the dates of the formation of that county and the filing of the report, and admitting Howards liability to pay her proportion of the amount Hempstead had agreed to pay the contractors for building the jail, the question is material, because the bonds having been sold at a discount the amount of the indebtedness evidenced by them is greater than that agreed to be paid for building the jail. But the county court had specifically directed the commissioners in advance to pay certain proportions of the contract price as the work progressed until the ''walls were up, the roof on and the building enclosed,'' when they were to withhold the balance due until the completion of the building:—that is, nothing was to be paid by the commissioners after the house had reached the point of completion contemplated by the language above quoted, until it was accepted by the county. That the construction had progressed to that state of completion when Howard county was formed is sufficiently shown by the facts.

stated by the commissioner, Bishop; the $2,600 reserved by the building commissioners after that time is the due proportion of the contract price directed by the court to be reserved; it is shown that the commissioners made their payments by negotiating the bonds as they were needed for that purpose, and as the presumption is that the contractor demanded and the commissioners paid, the installments as they fell due under the contract which was prior to April 17th, 1873, the evidence is sufficient to sustain the finding to the effect that the bonds were negotiated before that date. The circuit court was justified, therefore, in adjudging against Howard county, such part of Hempstead's indebtedness on that account as bears its proportion to the value of the territory taken for the benefit of the new county. *Phillips County v. Lee County*, 34 Ark., 240.

A judgment for interest was added to the principal of the debt found due from Howard to Hempstead, and complaint is made of that. The record shows that the $20,000 in bonds negotiated by Hempstead county bore interest from date. It was the duty of Howard county to relieve Hempstead of her proportion of the interest that had accrued upon these bonds to the date of the judgment adjusting the indebtedness; and as the amount of recovery is not more than Howard's proportion of the principal and interest of Hempstead's debt, no injury is sustained by Howard county. Hempstead county has pointed out no error prejudicial to her interest, and the judgment will be affirmed.