## SOUDAN PLANTING COMPANY *v.* STEVENSON.

### Opinion delivered October 16, 1911.

1. APPEAL—FILING MANDATE—REASONABLE NOTICE.—Under Kirby's Digest, sec. 6174, providing that a cause which has been reversed and remanded for further proceedings shall not stand for trial in the lower court at the first term unless the mandate shall have been filed and reasonable notice given to the adverse party, a party cannot complain if it had reasonable notice and the court·continued the cause until the next term. (Page 389.)

2. DAMAGES—BREACH OF CONTRACT.—Where the owner of 6,000 acres of land sold the growing timber thereon to one person and thereafter sold the lands to another and agreed to have the timber contract reformed so as to permit the vendor or his assigns to clear said land at the rate of 200 acres per year, or to pay the vendee of the land the amount of damages it might sustain "by reason of not getting to clear said land," the vendee of the land is not entitled to recover on account of the vendor's failure to have the t mber contract reformed if it suffered no actual damages thereby. (Page 390.)

3. INTEREST—JUDGMENT.—Where judgment is rendered for the principal of a debt and interest, the entire judgment, including interest, will thereafter bear interest. (Page 394.)

4. JUDGMENT—STAY OF PROCEEDINGS—ENFORCEMENT.—Where a judgment is stayed until the amount of damages which are to be recouped against it may be ascertained, upon the subsequent ascertainment that there were no damages to be recouped, the original judgment should be ordered to be enforced, instead of entering a new judgment for the amount of the former judgment and interest subsequently accrued. (Page 395.)

Appeal from Lee Chancery Court; *Edward D. Robertson, Chancellor; C. F. Greenlee,* Special Chancellor; modified and affirmed.

*Norton & Hughes,* for appellant.

1. The law does not authorize the filing of a mandate and taking an order ·on it on the same day, in the absence of consent; nor is there any way to take an order on a mandate without notice or an appearance, even when it has been filed before the term. Kirby's Dig., § 6174; 60 Ark. 550.

2. · It was the expectation of appellant to submit the matters for arbitration on the testimony already taken, and it was not informed that appellees would insist on the testimony being taken again until the 2d or 3d of December. The theory of appellees that the failure of the arbitration was

the fault of appellant is not correct because: (1) when, on May 27, 1910, appellees gave notice that on June 27, 1910, they would ask for a decree, this was an assumption on their part that thirty days would be sufficient time in which to arbitrate. If so, the time between the appointment of appraisers on November 23, 1910, and December 19, 1910, the beginning of the term of court, could not have been unreasonably short. (2) Appellant could not foresee that there would be objection to allowing the arbitrators to act on the testimony already taken, the retaking of which was an unexpected consumption of time. (3) After the proof was taken, there remained four days until court convened, and it was not appellant's fault that the arbitrators could not undertake to make out an award within that time.

3. On former appeal it was held that the assignment of the timber notes to Goerke "and the agreement to reform the contract with Goerke, was made and accepted as an entire satisfaction of the warranty deed, so far as it was affected by the timber contract." 94 Ark. 599. That is to say, the parties had by this contract agreed upon a manner of settlement for breach of the warranty.

Appellant by this contract having been placed where it could in no event claim damages on more than 200 acres, ordinary fairness, as well as the doctrine of mutuality, would preclude the appellees from contending that appellant could not or would not have cleared that much.

The principle of liquidation may be extended to matters not expressed in dollars and cents. 71 Atl. 595; 72 Pac. 144. Where damages are liquidated, there is no occasion for proof of actual damages. 9 Current Law 871. There was, therefore, no burden upon the appellant to prove that it could have cleared 200 acres per year, nor was proof admissible that it could not have done so. The damages recoverable should be compensatory, "such as may fairly be considered, either arising naturally, i. e., according to the usual course of things, from the breach of the contract itself, or such as may reasonably be supposed to have been in contemplation of the parties at the time they made the contract, as the probable result of the breach of it." 53 Ark. 444, 14 S. W. 649. This rule for assessing damages may be applied to transactions in real estate. 48

So. 548; 45 *Id.* 633; 88 S. W. 933. That it was in contemplation of the parties that there would be substantial damages to appellant if the Goerke contract was not reformed is shown by the litigation undertaken by Rodgers to secure its reformation, in which he failed. See 75 Ark. 72, 86 S. W. 837. The damage per acre was not settled by stipulation of the parties, and must be determined according to the fluctuation of rents as shown by the proof. A fair proportional part of the cost of clearing should be deducted. 95 Ark. 363; 56 Ark. 612; 76 Ark. 542.

4. It was error to take the decree of reversal of January 28, 1909, as the basis of the decree last rendered. To take the aggregate of that decree as the basis of the last decree resulted in a compounding of interest not warranted by law.

*H. F. Roleson,* for appellees.

1. While it is true that no notice was previously given of the filing of the mandate, and that the order giving leave to arbitrate was entered on the day it was filed, yet, since appellees served notice on appellant, on May 27, that they would apply on June 27 for judgment, and in the same notice offered to arbitrate the matter of damages, and since, on the latter date, the court refused to enter the judgment, but renewed the order theretofore made, requiring that an arbitration be made before the first day of the next December term, appellant had "ample opportunity to prepare" for the arbitration, and was in no wise prejudiced. 60 Ark. 555.

2. The meaning of the directions given by this court on the former appeal to the lower court was to give appellant a fair opportunity to arbitrate. If appellant failed to avail itself of this opportunity, appellees were entitled to absolute judgment, *unless they refused to arbitrate,* in which event only was appellant entitled to a trial before the court. The court having found that appellees at all times stood ready to arbitrate, it should not have undertaken to determine the matter on testimony.

But the chancellor, having gone into the testimony and decided the question, his conclusion is entirely supported by the evidence.

3. If it had been agreed to convey any certain 200 acres of land, that would be the measure of damages, and would be

liquidated; but the fact that the amount of damages sustained would have to be established by proof demonstrates that the damage is not liquidated. Arbitration is never necessary to settle the amount of liquidated damages, nor is an inquiry into any of the facts and surroundings necessary. 73 Ark. 436.

FRAUENTHAL, J. This is the second appeal of this case to this court. The opinion rendered upon the former appeal will be found in 94 Ark. 509 (*Soudan Planting Co.* v. *Stevenson*).

This appeal involves only the right of appellant to certain alleged damages growing out of the failure to reform a contract under which appellant was entitled to certain timber land for the purpose of clearing and cultivating same during certain years. Originally, appellees instituted this suit to recover the purchase money of a large body of lands sold to appellant and to enforce a vendor's lien therefor. The purchase money was to be paid by the delivery of a number of bales of cotton during specified years, and one of the issues involved in the case upon the first appeal was the value of the cotton which had not been delivered. The appellant pleaded by way of recoupment damages which it sustained by reason of breaches of the contract by appellees. These consisted of (1) an alleged breach of warranty of title of said lands, and (2) of the failure to reform a timber contract whereby appellant would be entitled to obtain and cultivate during certain years portions of the timber land which were held by one Goerke under said timber contract.

Upon the first trial of the case in the lower court, the chancellor found the value of said bales of cotton which had not been delivered in payment of the purchase money of said lands, and on January 28, 1909, entered a decree in favor of appellees for the total value thereof, together with interest thereon from the date such sums were due, which interest amounted to $3,617.44. The chancellor dismissed the cross complaint of appellant, seeking damages.

Upon the former appeal, this court affirmed that portion of said decree finding the amount of the purchase money which was due and unpaid, and declaring a lien upon the land for the enforcement thereof, and also in dismissing that portion of the cross complaint which sought damages by reason of the alleged breach of the warranty of title. But the court set aside

that portion of the decree which dismissed that part of appellant's cross complaint which was based upon a claim for damages growing out of the failure to reform said timber contract.   Upon said former appeal it was held:

"Unless the Soudan Planting Company can recoup damages sustained by it on account of the failure to reform the contract with Goerke against the amount appellees are entitled to recover, it may lose the same.  To prevent such consequences, so much of the decree of the chancery court as dismissed that part of the appellant's cross complaint that is based on the claim for damages on account of the failure to reform the contract with Goerke is set aside, and the proceedings in the cause are suspended for a reasonable time, to be fixed by the court, for an arbitration of such damages according to the agreement of the parties and the law in such cases, or until the appellees shall refuse or fail to do so in a reasonable time, in which event the court shall ascertain the damages, if any, in the manner prescribed, by law.   In other respects the decree is affirmed. The cause is remanded with directions to the court to recoup such damages as the appellant may recover as aforesaid against the payment of appellees."

The mandate of the Supreme Court was filed in said chancery court in May, 1910, and an order was made giving leave to the parties to arbitrate the damages growing out of the failure to reform said timber contract until the next term of said court, which convened in December following.   At the following term of said court, the chancellor found that the appellant had refused or failed in good faith to arbitrate said damages, and thereupon heard the testimony which had been taken relative to the question of said damages, and found that appellant was not damaged in any sum by reason of the failure to reform said timber contract.   Thereupon a decree was entered dismissing said portion of the cross complaint seeking damages upon that ground, and in favor of appellees for the recovery of the amount which was adjudged to be due by the decree of January 28, 1909 (which included the amount of principal and interest to that date, as aforesaid), together with interest upon the amount of said decree from the date of its rendition to the date of the second decree, which was rendered on January 30, 1911.

It is urged by counsel for appellant that the court was without jurisdiction to try the issue involved herein after the case was remanded, for the reason that notice of the filing of the mandate was not given as required by section 6174 of Kirby's Digest. It appears that the mandate was filed in the Lee Chancery Court on the fourth day of its regular May term, 1910, and the court thereupon made an order giving leave to the parties to arbitrate the matter of damages until the next term of said court. Prior to the filing of the mandate, no notice was given to appellant thereof. On May 27, 1910, notice was served upon appellant, stating that said mandate had been filed in said chancery court, and that on June 27, 1910, an application would be made to said court for a decree in accordance with the original decree, and also stating that appellees were ready and willing to arbitrate the damages growing out of the failure to reform the Goerke timber contract. In pursuance of said notice, both parties appeared in the chancery court on June 28, 1910, and the court thereupon refused the motion for a decree, and renewed its former order granting leave to the parties to make arbitration before the next term of said court. On November 23, 1910, appellant selected its arbitrator and notified appellees thereof, and on the same day appellees selected their arbitrator, and so advised appellant's counsel. Thereafter correspondence passed between the counsel for both parties, seeking to obtain a meeting of the arbitrators for the purpose of taking testimony relative to said alleged damages and obtaining their decision thereon. Finally, some testimony was taken before said arbitrators a few days prior to the meeting of the chancery court in December, but the taking thereof was not concluded, nor did the arbitrators meet to make their decision. These matters were presented to the chancery court at its regular term in December, and the chancellor found that the appellant, by its acts and conduct, had refused or failed in good faith to make arbitration, and thereupon ordered the case set for hearing on January 30, 1911, upon testimony theretofore taken, and which might thereafter be taken, upon the issue involved.

In the case of *Railway Company* v. *Sweet*, 60 Ark. 550, it was held that the object of section 6174 of Kirby's Digest, providing for filing of the mandate with the clerk and reason-

able notice to the adverse party, was to give ample opportunity to said party to make preparations for another trial. It was there said: "The requirement may be waived by agreement; but where this has not been done, and there is failure to comply with the statute, this court will not reverse because of the refusal of the lower court to grant a continuance on account of such failure, where no prejudice is shown to have resulted on account of the failure to grant such continuance."

In the case at bar we are of opinion that when the court on June 28, 1910, after reasonable notice had been given to appellant, and when both parties were present, continued the case until the following term of the court in December, sufficient compliance was made with this provision of the statute. The subsequent action of the parties in selecting arbitrators shows that no prejudice resulted to appellant by any failure to give notice of the filing of the mandate prior to that time. The delay in selecting arbitrators and in proceeding with the arbitration was due to appellant's own inaction thereafter, when it had ample time to prepare for and make arbitration. We can not say that the court erred in finding from the acts and conduct of appellant that it in effect refused or failed in good faith to make arbitration.

See also *Baker* v. *Baker*, 87 Ky. 461, wherein a statute quite similar to the above section of Kirby's Digest was considered, and it was held that the right of the court to proceed with the trial of a case was not lost by reason of the failure to give notice to the adverse party of the filing of the mandate from the court of appeals when same was filed in open court.

It is earnestly insisted that the chancellor erred in finding that appellant was not damaged by reason of the failure to reform the Goerke contract, and in entering a decree dismissing that portion of its cross complaint. It appears that appellees' testator, H. P. Rogers, sold to appellant land in Lee County, containing about six thousand acres, of which about two thousand acres were in cultivation, and the greater part of the remainder was covered with timber. Prior to said sale, the said Rogers had entered into a contract with one G. A. Goerke by which he sold and granted to him the right to cut and remove the merchantable timber on said land. At the time of said sale of the land to appellant, Rogers stated that in said timber

contract executed to Goerke it was provided that Rogers or his assignee might, after giving twelve months' notice to said Goerke, enter upon any land covered by the timber contract, not exceeding 320 acres for any one year, and cut out and deaden the timber, if that was not done by said Goerke, and then might prepare and take such land for cultivation. It was subsequently discovered that this clause was omitted from said timber contract executed to Goerke. The appellant and appellees' testator thereupon entered into a written contract on January 1, 1903, by which Rogers obligated himself within two years from that date to have said timber contract reformed so as to include said clause. Said contract further provided: "And, in case he should not have said contract reformed within that time, then the said H. P. Rogers agrees to pay to the Soudan Planting Company the amount of damages that said company may subsequently sustain by reason of not getting to clear said land on Westwood and Soudan places, at the rate of two hundred acres per year. If the president of the Soudan Planting Company and M. P. Rogers can not agree on the amount of said damages, then they shall each select a man who is disinterested, to act as arbitrators, and the decision of these two men shall be final. But if these two men can not agree, they shall select a third disinterested party, and the decision of a majority of these arbitrators, towit, any two of them, shall be final; and H. P. Rogers agrees to at once pay the amount of damages assessed against him to the Soudan Planting Company."

Thereafter Rogers instituted suit to reform said timber contract, but was unsuccessful in that litigation.

The right of appellant to recover damages herein is based upon the above contract. By that contract it claims that it was entitled to get two hundred acres of said land during each year for the purpose of cultivation. By the terms of the contract, its right would begin thereunder two years after the date thereof, which would be January 1, 1905, and would end with the termination of the Goerke timber contract, which would be on December 31, 1908; so that appellant claims damages for being deprived of getting two hundred acres of said land for the purpose of cultivation during each of the years of 1905 to 1908, inclusive. The damages which appellant

claims thus to have sustained depends upon the proper construction of said contract entered into by it and H. P. Rogers.

Counsel for appellees contend that the appellant was only entitled to such damages as it actually sustained by reason of the failure to reform the Goerke timber contract, and which arose from no other cause. They urge that if the appellant had a sufficient amount of said timber land available for clearing and cultivation to make two hundred acres each year during the above years, and did not desire to clear and cultivate same, or failed to do so by reason of a want of labor, or from other inability due to its own fault, then it was not actually damaged under the terms of said contract by reason of the failure to reform the Goerke timber contract.

On the other hand, counsel for appellant contend that it was entitled to all such damages which it could prove, at the rate of two hundred acres per year, whether the same could have been cleared and cultivated by it or not, in the event said timber contract was not reformed. In other words, appellant contends that the contract provided by its terms for damages which were liquidated at an amount which the evidence would show could be made from the cultivation of the timber land at the rate of two hundred acres for each year for the said four years.

This contract must be considered in the light of the Goerke timber contract and all the attending facts and circumstances, in order to arrive at the true intention of the parties. It appears that it was thought that in the Goerke contract there was a clause whereby 320 acres of the timber land might, upon proper notice, be obtained for the purpose of clearing and cultivation each year. When it was found that this clause had been omitted from said timber contract, it was agreed that Rogers should proceed to have same reformed in that particular. If the contract was reformed within a specified time, then the appellant should have no right to any claim for damages. But if the contract was not thus reformed, then it was agreed that appellant should be entitled to get 200 acres, instead of 320 acres, of said timber land for the purpose of clearing and cultivation, and should receive such damages as it actually sustained by reason of its failure to get that number of acres of said timber land for the purpose

of clearing and cultivating same. Its claim to damages was based upon its right to clear and place in cultivation two hundred acres of the timber land each year, and being deprived of the right to so clear and cultivate such land because two hundred acres were not secured each year. But its right to damages was not based upon two hundred acres of land that were actually cleared and in cultivation. In other words, the two hundred acres were not named as a liquidated sum upon which to base the damages, but only as the number of acres to which appellant should lay claim in event they desired and were able to clear and cultivate that number of acres each year. By virtue of this contract, the appellant was only entitled to recover the actual damages which it sustained by reason of the failure to obtain two hundred acres for the purpose of clearing and cultivating same. If that amount of land was actually available, and the appellant did not clear and cultivate same because it did not desire to do so, or because it did not have the labor or ability to do so, then it can not be said that it sustained damages because of the failure to obtain the two hundred acres of land for the purpose of clearing it and putting it in cultivation. The contract only obligated Rogers to place appellant in the position where it could obtain at least two hundred acres of the timber land if it desired it in order that it might clear and cultivate same. If, therefore, the appellant would not have cleared and cultivated the same if it had been furnished, or could not have done so, then it cannot be said that it was damaged by reason of the failure to furnish two hundred acres. The contract itself provided that the appellant should receive the amount of damages which it actually sustained "by reason of not getting to clear said land," and did not provide for damages by reason of not getting the land itself.

The testimony tended to prove that during the above years there were at least six hundred acres of said timber land available for the purpose of clearing and cultivation, and that the appellant cleared and cultivated only a very few acres thereof, either because it did not think it profitable to do so, or because it did not have the labor and means to do so. The testimony tended further to prove that during all of said years appellant was unable to clear and cultivate two hundred acres

of timber land each year, or to clear and cultivate any more of said timber land than it actually did during each of said years—not because the land was not available, but solely because of the lack of labor and its own inability from other reasons of its own to do so. The chancellor found that the appellant did not sustain any damages on account of the failure to obtain any of the timber land mentioned in the omitted clause in the Goerke timber contract, and we are of the opinion that such finding is not clearly against the preponderance of the evidence; therefore it should not be disturbed by us on appeal.

It is urged that the court erred in taking the amount of the decree rendered on January 28, 1909, as a basis for the decree rendered on the second hearing. This contention is made upon the ground that the first decree included the principal of the debt and also interest, and that to allow interest on the entire amount of said first decree from the date of its rendition to the date of the second decree would be to allow interest upon the interest included in the first decree. But interest due at the time of the rendition of a judgment becomes a part of the amount of such judgment, and the judgment should be rendered for an amount which would include the principal of the debt and also the interest thereon to the date of the rendition of the judgment. *Texas & St. L. Ry. Co.* v. *Donnelly,* 46 Ark. 87; *Morris* v. *Carr,* 77 Ark. 228.

Thereupon the judgment bears interest. It is provided by section 5387 of Kirby's Digest that all judgments shall bear interest from the date of judgment until satisfaction is made. *Ark. So. Ry. Co.* v. *German Nat. Bank,* 85 Ark. 136. When the first decree was rendered by the chancery court, it found the amount of the payments that were due and the date of their maturity, and allowed interest thereon from such dates to the date of the decree, and rendered judgment for the principal debt and said interest. That was correct; and the judgment so rendered, by virtue of the statute, then bore interest until satisfaction of the judgment. Upon the former appeal this court only set aside so much of the decree of the chancery court as dismissed that part of the cross complaint which sought damages on account of the failure to reform the timber contract. It was expressly held by this court

on said former appeal that "in other respects the decree is affirmed." It was further held that the proceedings should be suspended in order that the court might determine the damages, if any, to which appellant might be entitled. The cause was then only remanded to recoup such damages, if any. But the amount of the first decree was not reversed; that was affirmed; and its execution was only stayed until the issue as to whether or not appellant was entitled to damages was determined. Upon the remand of the cause, it was decided that appellant was not entitled to any damages, and the cross complaint seeking such damages was dismissed. This action of the chancery court has been affirmed. By this action the stay of the original decree has been removed, and that decree fixing the amount of the principal and interest to the date of its rendition on January 28, 1909, and declaring that the amount of the judgment thus rendered should bear interest from the date of the rendition thereof, is left in full force and effect. The chancery court, upon the second hearing, should have entered a decree dismissing the cross complaint of appellant and directing that the first decree entered by it on January 28, 1909, should be enforced. The decree of the chancery court will be modified here to that effect, and as so modified it is affirmed.