FAIRVIEW SCHOOL DISTRICT No. 7 *v.* MAMMOTH SPRING
SCHOOL DISTRICT No. 2.

4-3444

Opinion delivered April 16, 1934.

*H. A. Northcutt* and *R. L. Bickley,* for appellant.
*Oscar E. Ellis* and *John C. Ashley,* for appellee.

HUMPHREYS, J. This proceeding to annex appellant school district to appellee school district was brought by proper petition in the county court of Fulton County and there tried, with the result that said districts were consolidated.

An appeal from the order of consolidation was prayed and granted to the circuit court of said county upon the filing of a proper affidavit and a purported bond, as follows:

"In the Fulton County Court, August Adjourned
Term, 1933.

"Mammoth Spring School District No. 2, Plaintiff, v.
Fairview School District No. 7, Defendant.

"The undersigned, E. L. Stevenin, Lee Burrow and L. F. Burrow, as directors of Fairview School District No. 7, of Fulton County, Arkansas,. acknowledge ourselves to be indebted as said directors of said district in the sum of $100, to be void upon the following conditions:

"Whereas, Fairview School District No. 7 of Fulton County, Arkansas, has appealed from the judgment of the Fulton County Court in an action pending wherein Mammoth Spring School District No. 2 is plaintiff and Fairview School District No. 7 is defendant.

"Now, if the said Fairview School District No. 2 shall prosecute this appeal with due diligence to a decision, and on such appeal said judgment be affirmed, or if, in a trial thereof anew in the circuit court, judgment be given against the said Fairview School District No. 2, they shall pay all costs, not to exceed the sum of $100, then this bond shall be null and void, otherwise to remain in full force and effect.

> "L. F. Burrow,
> "President of Board of Directors,
> Fairview School District No. 7.
> "E. L. Stevenin,
> "Secretary of Board of Directors,
> Fairview School District No. 7.
> "John L. Burrow,
> "Treasurer of Board of Directors
> of Fairview School Dist. No. 7."

Upon the filing of the transcript in the circuit court of the proceedings had and done in the county court, which transcript contained the bond copied above, appellee moved to dismiss the appeal because the bond did not conform to the statute governing appeals in this class of cases. The statute is, in part, as follows: "* * * Any person or persons, being a party to the record or proceeding in a matter brought before any county board of education (county court), who feels aggrieved by any final order or decision of any such board of education (county court), may prosecute an appeal from any such final order or decision, provided, any such person or persons shall within thirty (30) days from the date of the final order or decision complained of make an affidavit that the appeal taken from such final order or decision of any such county board of education (county court) is not taken for the purpose of delay, and enter into a bond with good and sufficient surety thereon, * * *."

It is argued that the bond contains no filing mark indicating that it was filed within thirty days from the final order or decision of the county court, and was not signed and executed by any surety. The purported bond appears in the transcript of the proceedings of the county

court in said cause, so we must presume it was left with the county clerk or court for filing. It is true that the bond was not signed by any surety, ▮ but the record before us reflects that appellee offered to amend the bond in this respect and to meet any other defect therein when the motion to dismiss the appeal was filed. Under § 797 of Crawford & Moses' Digest, this request to amend the bond should have been granted. That section of the statute reads as follows: "Where any bond provided for by the Code is adjudged to be defective, a new and sufficient one may be executed in such reasonable time as the court may fix, with the same effect as if originally executed."

Appellee argues that the rule to amend does not apply because the bond herein was no bond at all. We cannot agree that it was or is a scrap of paper. It is in form a bond, but defective because not signed by sureties. Being a defective bond, it was subject to amendment. *Morrison* v. *State,* 40 Ark. 448.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to permit the bond to be amended and to proceed with the trial thereof.