FLEMING *v.* ROLFE.

4-3715

Opinion delivered October 29, 1934.

*Campbell & Smith* and *C. W. Norton,* for appellant.

*Marvin B. Norfleet* and *Hargraves & Johnson,* for appellee.

BUTLER, J. At the primary election held in St. Francis County on August 14, 1934, the appellant, Charles Fleming, and the appellee, E. A. Rolfe, were candidates for the Democratic nomination for the office of county judge of said county. On the returns of the election the central committee found that E. A. Rolfe had received a majority of the votes cast and issued to him its certificate of nomination. The appellant, Fleming, filed his complaint contesting the right of the appellee to the nomination, to which was appended in the form and manner required by law the affidavit prescribed, subscribed to by nineteen affiants. To that complaint the appellee filed a motion to strike and dismiss the complaint on the sole ground that the affiants were incompetent to make the affidavit in that they were not familiar with the allegations made in the complaint; that within two years past they had violated §§ 3 and 4 of the rules of the Democratic Party by failing to support the regular Democratic nominee at a general election; that they were not qualified electors with the meaning of § 3772 of Crawford & Moses' Digest.

A response was filed to that motion, and, after hearing testimony, the court overruled the contentions contained in the motion to dismiss, that (B) "the affiants do not know and are not familiar with the facts made and set out in the complaint"; and that (C) "each of the affiants had violated the rules of the Democratic Party within the last two years by supporting other than a Democratic candidate."

The court, however, sustained the motion of the appellee on the theory that 13 of the affiants were not qualified electors under § 3772 of the Digest, for the reason that some of them had failed to assess a substantial portion of their personal property, that one had failed to assess her personal property when her poll was assessed, and that others had failed to state in their assessment lists that they had no personal property.

The appeal presents for our determination the single question of whether or not the judgment of the trial court, holding that the affidavit was subscribed by less than ten qualified electors within the meaning of the law, is correct. The appellee seeks to justify the action of the court on the authority of *Collins* v. *Jones*, 186 Ark. 442, 54 S. W. (2d) 400, and *State* v. *Chicago Mill & Lbr. Corp.*, 187 Ark. 65, 52 S. W. (2d) 951. He points out certain language used in the case of *Collins* v. *Jones*, which he contends sustains his contention, particularly the following sentence: "One may assess who has no property subject to taxation, and one does assess that makes that statement and signs the blank assessment list showing no property subject to taxation." The question presented here was not before the court in *Collins* v. *Jones*. That case involved the validity of a number of votes cast by married women, and of those of certain persons who procured their names to be placed by the clerk on the assessment record without making any assessment of personal property. The attack made was that, although the poll taxes of these voters had been paid, they had not been properly assessed; and that they had been assessed with, and paid, no taxes other than their poll taxes. The facts were that the husbands of these women, after having assessed their property and poll tax, returned to the assessor and informed him that they had failed to assess their wives with a poll, and that he (the assessor) then went to the county clerk's office and added their names to the book. Others brought their copies of assessment lists, and when these copies showed two polls the assessor would list the wife as having been left off through error. These lists were all brought to the

assessor after April 10 with no names subscribed éxcept those of the husbands.

In passing on that question, we there said: "We agree with the circuit judge that these assessments did not comply with the law. None of these assessments were made until after April 10, at which time the provisions of § 3778, Crawford & Moses' Digest, applied. Even those assessments which were not brought in 'in bunches,' and which had not been mutilated, did not show the name of the second person assessed. The law appears to contemplate a separate assessment of each taxpayer, of all males and of all females, who wish to become qualified electors by paying a poll tax."

The only other question decided by the court in *Collins* v. *Jones, supra,* was whether or not the trial court properly excluded from the count of legal electors the names of persons which had been placed on the tax books by the county clerk without requiring any assessment to be made of personal property. We held that this action of the court was proper, and, in so doing, said: "The fact—if in any case it was a fact—that these persons had no property subject to taxation would have been no reason for not placing their names on the tax books; but, nevertheless, they were required to sign a tax list showing the property, if any, owned by them." The court did not say or mean, by the language quoted, that the person had to inscribe on the list, "no personal property," or other words of similar import.

In *State* v. *Chicago Mill & Lbr. Corp., supra,* the questions involved related only to the assessment and collection of revenues and not to the qualification of electors and therefore have no application to the case at bar.

We are of the opinion that when a person signs and delivers an assessment list in which he fails to assess any personal property whatever, it is sufficient to show that he has none, within the meaning of *Collins* v. *Jones, supra,* and when property is owned by an elector and omitted from his assessment lists, while it may subject him to the penalty provided by law, it does not prejudice his right to vote. In other words, one who signs an assessment list, assessing his poll, and gives it to the as-

sessor and thereafter pays his poll tax within the time required (not being otherwise disqualified) is a qualified elector. The laws relating to assessment of property for taxation are primarily intended for the collection of revenue and ample provision is made for the discovery of all omitted property and adequate penalties provided for those who wilfully fail to assess, or give fraudulent statements of value.

It is contended by the appellee that the court's action was proper, not only for the reason given by it, but for the further reason that the assessor failed to administer the oaths to the persons assessing in the manner provided by law and failed to sign the jurat. The failure of an officer to perform his duty does not deprive a citizen of his right to the elective franchise, and we hold the argument of the appellee unsound.

Appellee has filed a motion to dismiss the appeal because of the failure of the appellant to abstract the testimony relating to the question decided by the court against him, but he has made, in his abstract and brief, no reference to any exception saved by him to the action of the court, and has failed to pray a cross-appeal from the finding of the court in those particulars. The presumption is that the court's decision was supported by the proof, and it was the duty of the appellee, not the appellant, to bring up these questions for review, if he felt aggrieved.

The judgment of the trial court is reversed, and the cause remanded with directions to reinstate the complaint, and for further proceedings.