MAMMOTH SPRING SCHOOL DISTRICT No. 2 *v.* FAIRVIEW
SCHOOL DISTRICT No. 7.

4-3813

Opinion delivered April 1, 1935.

770

*John C. Ashley* and *Oscar E. Ellis*, for appellant.

*R. L. Bickley* and *W. J. Schoonover*, for appellee.

BUTLER, J. This is the second appeal in this case. The first appeal was from the judgment of the trial court dismissing the appeal from the county court because of a deficient bond. The case came to this court styled "*Fairview School District No. 7 v. Mammoth Spring School District No. 2,*" and has been so styled through all subsequent proceedings. The judgment was reversed and the case remanded, this court holding that while the bond was deficient it might be amended. *Fairview School District No. 7 v. Mammoth Spring School Dist. No. 2,* 189 Ark. 74, 70 S. W. (2d) 502.

This proceeding began in the county court to annex Fairview School District No. 7 to Mammoth Spring School District No. 2. In that court an order was made consolidating the districts, and an appeal was prosecuted to the circuit court. On remand to the circuit court the case was tried and resulted in a judgment denying the consolidation. From that judgment is this appeal.

The mandate was filed after the commencement of the term of the court. Appellant petitioners moved for a continuance, asserting it was entitled to this under § 1271, Crawford & Moses' Digest. The refusal of the

court to continue the case is the first ground on which a reversal is asked.

On remand with leave to amend bond, a bond was substituted for the first bond held to be insufficient, with E. L. Stevenin, one of the remonstrants to the petition for consolidation, as principal and other persons as sureties thereon. Appellants moved to dismiss the appeal, (a) because there was no affidavit or bond filed within thirty days after order of the county court sought to be appealed from by any party entitled to appeal or party to the record; (b) "that there had been no bond as required by law given," because the substituted bond does not amend the original bond, but is another and different bond having a different principal, and is not such a bond as the law provides, because, further, its obligation does not run in favor of petitioners on the petition for consolidation or the officers of the court, but in favor of Mammoth Spring School District No. 2, which was not a party to the suit.

The object of the statute (§ 1271 of the Digest), providing for filing of a mandate with the clerk and for reasonable notice to be given to the adverse party or his attorney of record before the commencement of the term, was to give ample opportunity to said party to make preparation for another trial. Where there is failure to comply with the statute, the refusal of the trial court to continue the cause is not ground for reversal where no prejudice is shown to have resulted to the party asking the continuance. *Ry. Co.* v. *Sweet*, 60 Ark. 550, 31 S. W. 571; *Soudan Planting Co.* v. *Stevenson*, 100 Ark. 384, 140 S. W. 271.

The mandate was filed in open court, and one of the attorneys for the appellant was present. This was on September 19, 1934. On October 5th, following, appellant's attorneys were notified by letter of the filing of the mandate, and the case was set for trial October 29, 1934. There was no showing of any prejudice resulting to the appellant by reason of the overruling of this motion for continuance, and therefore, under the rule announced in the cases cited, the judgment of the trial court will not be reversed on this ground.

Neither is there any merit in the other contentions made. The affidavit for appeal was made within thirty days after the judgment of the county court appealed from. The affiant was secretary of the appellee district, and one of the signers of the remonstrance to the petition for consolidation. He was accordingly a party to the record in the county court, and his affidavit inured to the benefit of all parties in interest, whether it be the school district, as such, or the electors and patrons residing therein.

This court held that the bond might be amended. Whether this was accomplished by the signature of sureties on the bond first filed or by the execution of a new and different bond is immaterial, if the purpose for which the bond is required is served. That purpose was the guarantee of the payment of costs by the party appealing in the event the appeal was abandoned, dismissed, or adverse judgment given against him on the merits. Counsel for appellant district have treated the district as the real party in interest, styling it as "plaintiff" in their motions filed in court, and thus the remonstrants treated it. If it had been thought the naming of the school district as obligee in the bond was improper, specific attention of the trial court should have been called to the supposed defect.

Appellant sought at the trial on appeal to offer in evidence certain admissions made by an attorney during the course of the hearing in the county court to the effect that "the petition for consolidation contained a majority of the qualified electors of Fairview School District." To the refusal of the court to permit the introduction of this testimony, objection was made, and is one of the assignments of error pressed in argument of counsel for appellant. The cases cited from our own court to sustain this contention are not in point. *Cox* v. *Harris*, 64 Ark. 215, 41 S. W. 426, merely announced the familiar doctrine that a litigant is not allowed to avail himself of the advantages of inconsistent position in a lawsuit concerning the same subject-matter. *Southern Ins. Co.* v. *Hastings*, 64 Ark. 253, 41 S. W. 1093, is another case relied on. The principle there announced is that a party on

appeal to this court cannot contend for a theory of the case different from that advanced in the trial court. *Pickett* v. *National Bank*, 32 Ark. 346, and *Millington* v. *Hill, Fontaine & Co.*, 47 Ark. 301, 1 S. W. 547, are also relied on as sustaining the contention made above. We have examined these cases and find no principle discussed in either of them which in any way touches the contentions made in the case at bar.

Before proof of admission of an attorney or party made in a former trial can be offered in testimony in a second trial of the same case, it must be first shown why the admission was made, the circumstances thereof, and also its purpose. *Moynahan* v. *Perkins*, 36 Col. 481, 85 Pac. 1132, 10 Am. & Eng. Ann. Cases, 1061; *Goodwin* v. *State*, 1913E, Am. & Eng. Ann. Cases 940. Not having offered the preliminary proof, if for no other reason, the trial court correctly excluded the proffered testimony.

On the testimony adduced, the court found that the petition for consolidation was not signed by a majority of the qualified electors of Fairview School District No. 7. The correctness of this finding depends upon the holding of the court with reference to the qualifications of those signing the petition for consolidation and the remonstrance. The court held that seven of those signing the petition for consolidation were not qualified electors. The proof shows that one of the persons interested in having the districts consolidated went to the sheriff and collector to pay the poll taxes of these persons. It was discovered that they had not assessed, and that the clerk thereupon assessed each with a poll tax and a penalty; that the poll taxes were then paid and receipts issued. The court did not err in holding that these persons were not qualified electors. *Collins* v. *Jones*, 186 Ark. 442, 54 S. W. (2d) 400; *McCallister* v. *LaFargue, ante* p. .............
The doctrine of those cases has not been impaired by the case of *Fleming* v. *Rolfe*, 189 Ark. 865, 75 S. W. (2d) 397, as appellant thinks, nor is it helpful to its contention. In the Fleming case it was held that, where the person assessing had done all he could to make a valid assessment, and the assessor failed to perform some duty on his part, this would not deprive the party assessing of

the elective franchise. In the case at bar, however, the persons in question did not attempt to assess, and the Fleming case therefore has no application.

The trial court held that two of the persons signing the remonstrance were qualified electors—Mr. and Mrs. R. D. Waggoner. The original assessment lists were offered in evidence, one for Mr. and one for Mrs. Waggoner, which were properly signed and sworn to. Waggoner testified that he signed his own assessment list, and that of Mrs. Waggoner, having authority from her to do so as her agent. The assessments were made, one, "R. D. Waggoner," and the other, "Mrs. R. D. Waggoner." When the collector's book was made up these assessments were extended on the record in the name of R. D. Waggoner and Mrs. R. D. Waggoner, but had been changed on that record to "W. D." Waggoner. The collector issued the receipts, however, with the correct initials. These receipts were identified in court with the date of payment thereon, February 13, 1933. Mr. Waggoner had the right to assess as the agent of Mrs. Waggoner (*Cain* v. *CarlLee,* 171 Ark. 334, 284 S. W. 40; *Taffee* v. *Sanderson,* 173 Ark. 970, 294 S. W. 74), and the trial court correctly held them to be qualified electors.

The court also held that one John Hager, who signed the remonstrance, was also a qualified elector. He had duly assessed and had paid his poll tax. The only question was whether or not he was a resident of the district. The court found that he was, under evidence which amply sustains this finding.

The court found that with the seven eliminated from the petition for consolidation there remained eight qualified electors thereon, that an equal number of qualified electors signed the remonstrance, and therefore there was not a majority for the petition. We think the evidence conclusively supports this finding, and the judgment of the trial court is accordingly affirmed.