## FLEMING v. ROLFE.

4-4156

Opinion delivered November 18, 1935.

Roy D. Campbell and C. W. Norton, for appellant.

S. S. Hargraves, Winstead Johnson and Marvin B. Norfleet, for appellee.

McHANEY, J. This is the second appeal of this case. See Fleming v. Rolfe, 189 Ark. 865, 75 S. W. (2d) 397. Appellant and appellee were rival candidates for nomination for the office of county judge in the run-off primary election held in St. Francis County, August 28, 1934, in which appellee was returned as the winner. Ap-

pellant contested the election. Appellee contended in the former case that appellant's contest was not supported by the affidavits of ten qualified electors and moved to dismiss his complaint. The lower court sustained said motion, but upon appeal this court reversed the judgment of the trial court and remanded it for further hearing. At the time of filing the motion to dismiss in the lower court, appellee also filed an answer denying all of the allegations of the amended and substituted complaint. The answer contained no affirmative defense, and no allegations relating to illegal ballots having been cast for appellant. Early in the trial, after the remand, and upon cross-examination of a witness offered by appellant, it was attempted to be shown that the witness under examination was himself an illegal voter in the election. Appellant objected to this examination upon the ground that appellee had not in his answer specified that the witness had cast an illegal vote and could not for this reason show that he was an illegal voter. Appellee insisted that such could be shown without any specification in the answer in regard to that particular vote, and further that he could do this in regard to any illegal vote cast in the election for appellant without any allegation to that effect in the answer. The trial court held, however, that appellee should amend his answer so as to specify all illegal votes which he claimed had been cast for appellant before proof could be made. Both parties objected to the ruling, but appellee thereafter amended his answer in accordance with the ruling of the court. The case proceeded to trial, and it was found that appellee had received a substantial majority of the legal votes cast in said primary election. The real question before the trial court was, who received the greater number of legal votes cast in the election? The county committee having found that appellee had been nominated, the burden was upon appellant to show that he, and not appellee, had received the greater number of legal votes. This he failed to do.

Appellant insists that the court erred in requiring or permitting appellee to amend his answer setting out the votes received by appellant which were illegal. He

does not question the correctness of the court's finding as to the actual number of legal votes cast and received by each. No question is raised as to any ruling of the court as to what constitutes legal or illegal votes. To reverse this case for the reason assigned would result in permitting appellant to get the benefit of all of the illegal votes cast for him. The same rule relating to the illegality of any vote cast must apply to appellant the same as to appellee, and the purpose of the contest was to determine who received the greater number of legal votes.

Since the burden was upon appellant to show this, and he has failed to do so, the judgment must be affirmed.