### GIBSON v. DAVIS.

4-5664                                    134 S. W. 2d 15

Opinion delivered December 11, 1939.

O. E. Gates, for appellant.

D. A. Bradham, B. Ball and Carroll C. Hollensworth, for appellee.

McHANEY, J. Appellants are qualified electors in one or more of school districts 11, 13, and 47 of Cleveland county. Desiring to have said districts abolished

and consolidated into a new district to be known as Hurricane School District No. 11, they presented their petition to the county court of said county for an order submitting to the qualified electors of the three districts the question of dissolutions and consolidation. Acting on said petition, said court made and entered an order directing the county examiner to publish a notice of the filing of said petition, for the time and in the manner prescribed by law, and the date, time and place of a hearing to be had thereon, which notice was given. At the hearing held pursuant to said notice, the court found the petition was signed by the requisite number of electors and made and entered an order submitting the question to the qualified electors at the annual school election to be held on March 18, 1939. The election was held, the returns thereof made to the court, and it was found that the districts voted as follows:

In district No. 11, for 27; against 40
"        "        "   13, "   25;    "     6
"        "        "   47, "   14;    "     2
                            ___        ___
Totals in all three,        66          48

The court, therefore, found there was a majority of 18 votes for the question in the territory affected, and made and entered an order dissolving the three districts and consolidating them into one district in accordance with the prayer of the petition.

Appellees who are the directors of district No. 11 and the district, prayed and were granted an appeal to the circuit court, where appellants questioned by demurrer the sufficiency, both as to form and substance, as also the time of filing, of the two affidavits for appeal which were filed by appellees. On a trial *de novo* in the circuit court, the demurrer was overruled and the order of the county court as above was quashed and set aside. In apt time this appeal followed.

Two questions are argued here for a reversal of the judgment of the circuit court. One is that the court erred in overruling said demurrer. The other is that it erred in quashing the judgment of the county court.

We cannot agree with appellant in either. contention. The first affidavit for appeal stated: ''That the appeal is not taken for the purpose of delay, but that justice may be done to us and to School District No. 11 of Cleveland county.'' The second is: ''do solemnly swear that the appeal taken by us from the judgment rendered is not taken for the purpose of delay,'' etc., as in No. 1. The right of appeal ''from all judgments of county courts'' is guaranteed by the Constitution of this state, art. VII, § 33, ''to the circuit court under such restrictions and regulations as may be prescribed by law.''

Appellants contend that either or both affidavits are defective in that they fail to aver the identical language used in the statute providing for appeals. Section 2913 of Pope's Digest is the general statute providing for appeals from all final orders and judgments of the county court to the circuit court within six months, and the last sentence of said section provides: ''The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.'' It must be admitted that neither affidavit set out above literally complies with this statute. Section 11481 of Pope's Digest is the section of the school law relating to the formation of a new district and the dissolution of others or for the annexation of territory to any district, on a petition ''purporting to be signed by a majority of the qualified electors in each district affected.'' This section provides for appeals to the circuit court on certain grounds and making the findings of the county court otherwise conclusive. We think this section has no application here as the proceeding to dissolve and consolidate the three districts was not taken under said section, but under § 11482.

Section 1 of act 183 of 1925 reads in part as follows: ''. . . may prosecute an appeal from any such final order or decision, provided, any such person or persons shall within thirty days from the date of the final order or decision complained of, make an affidavit that the appeal taken . . . is not taken for the pur

pose of delay." We do not find 'that this section has been repealed by act 169 of 1931. There was no specific repeal and repeals by implication are not favored. Only acts in conflict were repealed and § 196 thereof specifically repeals a great many sections of the digest and acts of the Legislature, but § 1 of act 185 of 1925 is not one of them. The affidavits for appeal in question literally comply with that section.

Moreover, years ago, in *Hempstead County* v. *Howard County*, 51 Ark. 344, 11 S. W. 478, this court in a case involving an appeal from the county court to the circuit court said: "The repeated decisions of this court discountenancing irregularities of procedure which do not affect the rights of parties upon the merits, and recognizing in the circuit court the power of amending its process and records, as well as pleadings, to any extent short of impairing the substantial rights of the parties, leave no room for an argument against the position assumed by the court in this instance."

The objection made to the affidavits for appeal are hypercritical and do not affect the rights of the parties on the merits. The appeals were filed in time and might have been granted by the circuit clerk. *Tuggle* v. *Tribble*, 173 Ark. 392, 292 S. W. 1020. If not in proper form or substance, they might have been amended in the circuit court. *Hempstead County* v. *Howard County, supra.*

As to the second contention, that the court erred in quashing the order of dissolution and consolidation of the county court, we think appellants are again in error. Section 11477 of Pope's Digest is the governing statute in this proceeding. It provides in part that: "No existing district shall be included in a new district under the provisions of this section unless a majority of the qualified electors of the district to be included sign the petition, or, in case of an election a majority of the voters in the election in the district on the question shall favor it."

Section 11482 provides for an election "as provided for in § 11487." Now, since district No. 11 voted against

being dissolved and consolidated with Nos. 13 and 47, it cannot be driven into such consolidation under the plain provisions of § 11477, and the county court was without jurisdiction to make the order, and it was void.

The judgment of the circuit court so holding is correct and must be affirmed.