OZARK SCHOOL DISTRICT No. 56 *v.* JACKSON.

4-6088 145 S. W. 2d 732

Opinion delivered November 18, 1940.

*J. F. Quillin, William P. Alexander* and *George R. Steel,* for appellant.

*Byron Goodson* and *Pipkin & Hasting,* for appellee.

MEHAFFY, J. On October 2, 1939, there was presented to the county court of Polk county, Arkansas, the petition of T. R. Jackson and others, purporting to contain the signatures of more than ten per cent. of the qualified electors of the territory embraced in Ozark School District No. 56 of Polk county, Arkansas; Gran-

nis School District No. 17 of Polk county, Arkansas; and Gillham School District No. 47 of Sevier county, Arkansas, together with a plat of said territory, and praying that the county court of Polk county call a special election to be held at the regular polling places in each district for the purpose of voting on the question of forming a new and single district from the territory comprising the three districts mentioned.

The proceedings were under § 11486 of Pope's Digest which provides for the formation of school districts in two or more counties. The law for the formation of districts was strictly followed, and there is no complaint or controversy about the procedure.

After the petition was filed the court investigated the matter and found that the petition had been signed by more than ten per cent. of the qualified electors in the territory affected; that an election should be held on the question; directed the county examiner to publish the required notices and designated the 21st day of October, 1939, as the date upon which the election should be held. Notice was accordingly given by the county examiner as directed by the county court, and the election was held on October 21, 1939.

The returns in the election disclosed that of the votes cast within the two school districts lying within Polk county, there were 14 votes cast for the formation of the new district and 16 votes cast against the formation; in the Grannis District there were 73 votes cast for the formation of the new district and 56 against it. After canvassing the votes cast at the special election in the Gillham District No. 47, of Sevier county, the county court of that county found that there had been 121 votes cast for the formation of the new district, and two votes cast against the formation. It was also found that a majority of the qualified electors of the territory affected resided in Polk county, and there was therefore an order directing a meeting of that court with the county judge of Polk county, in compliance with a previous similar order of the county court of Polk county.

There was a meeting held in Mena, Polk county, Arkansas, and the certificates of both judges issued, setting out the total vote in all districts, the total vote being 208 votes cast for the formation of a new district and 74 votes cast against the formation of a new district.

Pursuant to the findings of the judges in joint meeting, the Polk county court issued its order reciting that in both the Gillham and Grannis districts there was a majority for the formation of the new district; that these two districts should be combined to form the new school district; but as there was a majority against the formation of the new district in the Ozark district, that the Ozark district should maintain its present status, and remain wholly unaffected by the formation of the new district.

There was an appeal from this finding of the court, and the appellant says: "The only matters that present a controversy are those in connection with this appeal."

The prayer for appeal is in the name of T. R. Jackson and others, all of whom were signers of the original petition asking the county court of Polk county to call a special election to submit to the electors the question of the formation of the new district, and no notice was given or summons served upon the appellant here. The appeal prayed by Jackson and others was granted by the clerk of the circuit court. The Ozark district, appellant here, appeared specially in the circuit court and presented its plea to the jurisdiction of the circuit court and its motion to dismiss, alleging that the circuit court was without jurisdiction to grant relief. The appellant then, without waiving its plea to the jurisdiction and its motion to dismiss the appeal, further alleged in support of its motion to dismiss, that the appellants were not made parties to the action in the county court; that the judgment of the county court from which the appellants seek to appeal does not constitute an allowance against the county, and that appellants, therefore, could have no right to appeal merely as citizens and taxpayers.

The circuit court denied appellant's motion, overruling its plea, and the appellants declined to plead further, and the case is here on appeal.

There is really but one question for our consideration, and that is whether an appeal was properly taken to the circuit court. If the appeal was not properly taken then, of course, the circuit court acquired no jurisdiction.

Appellant calls attention to the case of *Holmes* v. *Morgan*, 52 Ark. 99, 12 S. W. 201. There was an effort to appeal under that provision of the constitution which provides that in all cases of allowance against a county an appeal shall lie to the circuit court at the instance of any citizen or taxpayer. The only question decided in that case was that Morgan, not being a party, and undertaking to appeal under § 51 of art. 7 of the Constitution, he could only appeal where there was an allowance against the county. In that case there was no allowance against the county, Morgan was not a party to the suit in any sense, and of course had no right to appeal from the judgment of the court.

Attention is next called to the case of *Pearson* v. *Quinn*, 120 Ark. 610, 180 S. W. 476. That was a case under the Three-Mile liquor law, and the court said: "Persons who merely sign a petition, either for the making of a prohibitory order, or a petition for the revocation of a prohibitory order previously made, do not thereby become parties to litigation which arises upon the hearing of these petitioners any more so than does the elector, who merely votes at an election, become a party to a contest growing out of that election. Persons become parties litigant to proceedings of this kind only upon their own motion." Then the court adds: "But the law does permit any one who has an interest in the controversy to make himself a party, and thereafter the persons so made parties have control of the litigation, and only such persons can take an appeal from the judgment of the county court, or the circuit court, upon a finding adverse to their position." The main question discussed in that case was liability for costs.

The question of the right to appeal, we think, has recently been settled beyond controversy by this court. In the case of *Gibson* v. *Davis,* 199 Ark. 456, 134 S. W.

2d 15, this court had this question before it, and it was there contended that the affidavits were both defective. The court said: "Section 2913 of Pope's Digest is the general statute providing for appeals from all final orders and judgments of the county court to the circuit court within six months, and the last sentence of said section provides: 'The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.' It must be admitted that neither affidavit set out above literally complies with this statute. Section 11481 of Pope's Digest is the section of the school law relating to the formation of a new district and the dissolution of others or for the annexation of territory to any district, on a petition 'purporting to be signed by a majority of the qualified electors in each district affected.' This section provides for appeals to the circuit court on certain grounds and making the findings of the county court otherwise conclusive. We think this section has no application here as the proceeding to dissolve and consolidate the three districts was not taken under said section, but under § 11482."

The court in the Gibson case quoted from the case of *Hempstead County* v. *Howard County,* 51 Ark. 344, 11 S. W. 478, as follows: "The repeated decisions of this court discountenancing irregularities of procedure which do not affect the rights of the parties upon the merits, and recognizing in the circuit court the power of amending its process and records, as well as pleadings, to any extent short of impairing the substantial rights of the parties, leave no room for an argument against the position assumed by the court in this instance."

This court, in the recent case of *Mammoth Spring School District No. 2* v. *Fairview School District No. 7,* 190 Ark. 769, 80 S. W. 2d 615, had occasion to pass on the question involved here. It stated: "Neither is there any merit in the other contentions made. The affidavit for appeal was made within thirty days after the judgment of the county court appealed from. The affiant

was secretary of the appellee district, and one of the signers of the remonstrance to the petition for consolidation. He was accordingly a party to the record in the county court, and his affidavit inured to the benefit of all parties in interest, whether it be the school district, as such, or the electors and patrons residing therein.''

As there is no other question in this case, it is unnecessary to cite or discuss other authorities. We think the cases of *Mammoth Spring School District No. 2* v. *Fairview School District No. 7, supra,* and *Gibson* v. *Davis, supra,* are controlling here, and have decided the question of the right to appeal against the contention of the appellant.

We find no error, and the judgment is affirmed.